Lisa JAMES, Petitioner—Appellant,

v.

Gwendolyn MITCHELL, Warden, Respondent—Appellee.

No. 03–55338.

D.C. No. CV–02–00397–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Dec. 2, 2003.

Stephen Gilbert, Law Offices of Stephen Gilbert, Santa Monica, CA, for Petitioner–Appellant.

Scott C. Taylor, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before BRIGHT,* O'SCANNLAIN, and McKEOWN, Circuit Judges.

## MEMORANDUM**

Habeas petitioner Lisa James appeals from the district court's denial of the writ. She contends that her rights under the Confrontation Clause were violated by the state trial court's admission of testimony by her deceased co-conspirator's attorney Todd Rash stating that the decedent George Taylor had, in a pre-mortem jailhouse interview protected by the attorney-client privilege, implicated James in a conspiracy that culminated in the murder of her husband.[1]

## I

The district court's denial of a habeas petition is reviewed *de novo*. *Beardslee v. Woodford*, 327 F.3d 799, 806 (9th Cir.2003). Our habeas review of a state court decision on the merits is circumscribed by The Antiterrorism and Effective Death Penalty Act ("AEDPA"). We may grant a petition for the writ only if the state court's "adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court...." 28 U.S.C. § 2254(d)(1) (2003) (enumeration omitted). Because the California Court of Appeal's unpublished opinion in *People v. James*, No. E026718, 2001 WL 1284235 (Cal.Ct.App. filed Oct. 23, 2001), correctly identified the legal standard governing this case, *id.* at 20 (citing *Lilly v. Virginia*, 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999)), our analysis is limited to the "unreasonable application" prong of § 2254's bifurcated standard of review.

Under that clause, we "may not issue the writ simply because [we] conclude[ ] in [our] independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003); *see also Wiggins v. Smith*, —— U.S. ——, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003). Although "circuit law may be 'persuasive authority' for purposes of determining whether a

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the peculiar facts giving rise to this appeal are both known to and uncontested by the parties, we do not repeat them here.

state court decision is an unreasonable application of Supreme Court law, only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark v. Murphy,* 331 F.3d 1062, 1069 (9th Cir. 2003) (citations and quotations omitted), *cert. denied* —— U.S. ——, 124 S.Ct. 446, 157 L.Ed.2d 313 (2003); *see also Lockyer,* 123 S.Ct. at 1172; *Tyler v. Cain,* 533 U.S. 656, 664, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

## II

The California Court of Appeal concluded on direct appeal that the circumstances surrounding Taylor's jailhouse statements to Rash provided particularized guarantees of trustworthiness sufficient to satisfy the Confrontation Clause's residual admissibility test, most recently reiterated by the Supreme Court in *Lilly v. Virginia,* 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (plurality opinion). We do not believe that the California Court of Appeal's decision unreasonably applied *Lilly's* "particularized guarantees of trustworthiness" test to the facts of this case.

Taylor voluntarily spoke to his counsel in a private attorney interview room, having—as James herself highlights, *see* Pet. Br. at 14—repeatedly been assured by his attorney that his admissions were protected by the attorney-client privilege. Indeed, Taylor expressed serious concerns about the confidentiality of his statement, forced Rash repeatedly to promise that he would never divulge the contents of the inculpatory statement, and enthusiastically exclaimed, in response to Rash's inquiry whether he would consider testifying against his co-conspirators, that "he would go to prison before he would ever testify against anyone else who was involved," thus providing a reasoned basis for that court's concluding that Taylor was not attempting to fabricate a defense for his attorney to present in court.

James offers two arguments in support of her view that the California Court of Appeal's decision unreasonably applied controlling Supreme Court precedent. First, she argues that the circumstances surrounding Taylor's statement were no reason for the state court to credit it. Rather, she claims, because Taylor's remarks were made privately, protected by the privilege, and failed to expose him to criminal liability, they lacked the guarantees of reliability that otherwise accompany certain declarations against penal interest. *See* Pet. Br. at 13–14. The thrust of this argument is mistaken. The courts have stressed repeatedly that inculpatory statements made to private parties in private contexts are more reliable than those made in coercive contexts where someone is likely to use the statement against the declarant–for instance, when a suspect is being interrogated by the police, as was the case in *Lilly* itself. *See, e.g., Padilla v. Terhune,* 309 F.3d 614, 619 (9th Cir.2002); *United States v. Boone,* 229 F.3d 1231, 1234 (9th Cir.2000); *United States v. Tocco,* 200 F.3d 401, 416 (6th Cir.2000); *Latine v. Mann,* 25 F.3d 1162, 1167 (2d Cir. 1994).

To the extent that James simply attempts to argue that Taylor's statement was not a declaration against penal interest, she mistakes the forest for the trees. The residual admissibility test eschews a categorical focus on the label one attaches to a given hearsay declaration in favor of a circumstantial inquiry into whether that statement bears indicia of reliability sufficient to withstand Confrontation Clause scrutiny. *See, e.g., Idaho v. Wright,* 497 U.S. 805, 820, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The Court of Appeal's conclusion that the private, privileged context of Taylor's declaration conferred particularized guarantees of trustworthiness on his statement did not unreasonably apply clearly established federal law.

Second, James argues that Taylor's statement amounted to little more than "the self-serving accusations of an arrested murderer whose principal goal was to avoid or mitigate punishment by blaming others and excusing his acts." Pet. Br. at 15. We disagree with James's characterization of Taylor's statement, and find nothing unreasonable in the Court of Appeal's conclusion that the trustworthiness of Taylor's statement was not undermined by dubious blame-shifting. Our review of the record convinces us that Taylor's statement was unabashedly self-inculpatory, referencing the actions of his co-conspirators only insofar as doing so enabled him to explain to his attorney how *he* was able to murder Kevin James and why *he* wanted to commit the crime. We find eminently reasonable the state court's conclusion that Taylor's declaration was not characterized by the kind of suspicious blame-shifting condemned by the *Lilly* plurality. *See Lilly*, 527 U.S. at 131–32 (discussing *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), and *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986)).

### III

Because we hold that the California Court of Appeal's decision did not rest upon an unreasonable application of clearly established federal law, the judgment of the district court denying James's petition for the writ is

AFFIRMED.