**Shelbi Rae Leilani HARRIS,**
**Petitioner–Appellant,**

v.

**Gloria HENRY, Warden, Respondent–**
**Appellee.**

**No. 05–56790.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 18, 2007.

Shelbi Rae Leilani Harris, Chowchilla, CA, pro se.

Verna J. Wefald, Esq., Attorney at Law, Pasadena, CA, for Petitioner–Appellant.

Scott C. Taylor, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Petitioner was convicted of conspiracy to commit murder as to Kevin James ("K.James") and the murder of K. James, and conspiracy to commit murder as to George Taylor ("Taylor") and the murder of Taylor, in violation of California Penal Code §§ 182, 187. In her habeas petition, Petitioner challenges the California courts' findings that the admission of Taylor's hearsay statements did not violate her right to confrontation and that the trial court's denial of her motion for a continuance did not violate her right to due process.

Because Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to it in the state court proceeding." 28 U.S.C. § 2245(d); *see also Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The last state court to render a reasoned decision on Petitioner's claims, the California Court of Appeal, expressly rejected her claims on direct appeal. We presume that the state courts that subsequently reviewed Petitioner's case rested their orders upon the same ground as the California Court of Appeal and therefore look to that court's decision on AEDPA review. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). We review the district court's denial of the petition de novo. *See Arredondo v. Ortiz,* 365 F.3d 778, 781 (9th Cir. 2004).

■ Here, neither the admission of Taylor's testimony nor the denial of Petitioner's request for a continuance warrants relief under AEDPA. Under *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), it is constitutionally permissible to admit hearsay statements where the witness is unavailable to testify and the witness's previous statement is reliable. *See also Lilly v. Virginia,* 527 U.S. 116, 134, 136, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (plurality opinion).[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), was decided after the resolution of Petitioner's direct appeal, it does not apply to Peti-

Here, the California Court of Appeal assessed statements made by Taylor in which he described the murder of K. James and explained his own involvement as well as the involvement of others, including Petitioner. The California Court of Appeal determined that Taylor's statements contained particularized guarantees of trustworthiness because "Taylor voluntarily made his statements to his counsel, believing they would be confidential," he "had no apparent motive to lie or to try to inculpate defendants," and he "accepted primary responsibility for the killing rather than attempting to shift it to one of the defendants." We hold that the California Court of Appeal's conclusion that "the requirements of the confrontation clause were satisfied" is not contrary to, nor does it involve an unreasonable application of, clearly established Supreme Court precedent.[2] Given this conclusion, we need not reach Petitioner's arguments regarding the doctrine of law of the case, the doctrine of forfeiture by wrongdoing, and harmless error.

 Petitioner also has not demonstrated that the decision affirming the denial of her request for a continuance justifies habeas relief. Under both federal and state law, the decision to grant or deny a motion for a continuance is within the trial court's discretion. *See Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *People v. Howard,* 1 Cal.4th 1132, 5 Cal.Rptr.2d 268, 824 P.2d 1315 (1992). Here, the California Court of Appeal determined that the trial court did not abuse its discretion. The California Court of Appeal explained that California Penal Code § 1050 requires that requests to continue hearings be filed " 'at least two court days before the hearing sought to be continued,' " and that "[i]f a party moves for a continuance without complying with these requirements, and the party is unable to show good cause for the failure to give notice, 'the motion for continuance shall not be granted.' " The court observed that Petitioner filed her request to continue the sentencing hearing on the day of that hearing and "did not explain what new evidence she wanted to present in a new trial motion; why it would warrant a new trial; why it could not have been presented at the trial . . . ; or whether the new evidence could be presented within a reasonable time if a continuance were granted." The California Court of Appeal's decision was not contrary to clearly established Supreme Court precedent.

Accordingly, we **AFFIRM** the judgment denying the petition.

tioner's habeas claim. *See Whorton v. Bockting,* 549 U.S. ——, 127 S.Ct. 1173, 1182–84, 167 L.Ed.2d 1 (2007).

**2.** Two prior panels of this court reached the same decision as to Petitioner's co-defendants, after reviewing the same California Court of Appeal decision. *See Jensen v. Pliler,* 439 F.3d 1086 (9th Cir.2006); *James v. Mitchell,* 81 Fed.Appx. 973 (9th Cir.2003) (unpublished disposition).