**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHNNY LEE DAVIS,
  *Petitioner-Appellant,*

v.

GEORGE GRIGAS,
  *Respondent-Appellee.*

No. 05-15211

D.C. No.
CV-00-00949-JCM

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted
February 13, 2006—San Francisco, California

Filed April 10, 2006

Before: Cynthia Holcomb Hall, Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Hall;
Concurrence by Judge Graber

## COUNSEL

Jason F. Carr, Assistant Federal Public Defender, Las Vegas, Nevada, for the appellant.

Victor-Hugo Schulze, II, Senior Deputy Attorney General, Las Vegas, Nevada, for the appellee.

## OPINION

HALL, Senior Circuit Judge:

Johnny Lee Davis appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Davis pleaded guilty to attempted murder with the use of a deadly weapon and was sentenced to two consecutive fifteen-year prison terms. He argues that his trial counsel's failure to investigate and present

mitigating evidence at his sentencing hearing was constitutionally ineffective assistance of counsel. The Nevada state courts and the district court denied his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse and remand.

## I.   Facts and Procedural History

On September 10, 1997, Davis lured the mother of his two children to the desert outside of Las Vegas, Nevada, shot her six times, and left her for dead. Ultimately she did not die, but was instead paralyzed from the waist down. Davis was arrested a short time later and charged with attempted murder with a deadly weapon, and with being an ex-felon in possession of a firearm.

At the request of his trial counsel, Jennifer Haight, Davis underwent a psychiatric evaluation to determine his competency to stand trial. The evaluator concluded that Davis was competent to stand trial. However, the evaluation report noted that Davis reported a rough past. He claimed to have begun using drugs and alcohol at the age of fourteen, and at the time of the evaluation admitted to still using both. Davis also reported two prior suicide attempts, stating that he had been "messed up in the head" since an accident that left him with severe head trauma at the age of two. He reportedly experienced auditory hallucinations for several years prior to the shooting, with voices telling him to kill and hurt people.

On March 4, 1998, Davis pleaded guilty, pursuant to a written plea agreement, to attempted murder with the use of a deadly weapon. The plea agreement specified a sentencing cap of six to fifteen years for attempted murder, with a separate but equal sentencing cap of six to fifteen years for the use of a deadly weapon enhancement.

Davis's sentencing hearing was held on April 22, 1998. The government argued that Davis should be sentenced to two

fifteen-year terms, the high end of the sentencing cap stipulated to in the plea agreement. Davis's counsel, Haight, erroneously told the court that Davis had stipulated to two fifteen-year terms, when in fact he had only stipulated to what was in the written plea agreement: two six- to fifteen-year sentencing caps. Haight made no argument for a lower sentence and presented no mitigating evidence. The judge sentenced Davis to two consecutive fifteen-year terms.

After an untimely direct appeal was dismissed for lack of jurisdiction, and after Haight withdrew as his counsel, Davis filed a petition for habeas corpus in Nevada state court, alleging ineffective assistance of counsel and "manifest injustice involving the tribunal." Davis argued that Haight was ineffective because she failed to investigate his psychological problems and failed to present mitigating evidence at sentencing. The state district court denied Davis's petition.

Davis appealed to the Nevada Supreme Court where, in addition to the ineffective assistance of counsel claim, he argued that the district court erred in denying his petition without conducting an evidentiary hearing to allow him to present the relevant mitigating evidence. The court dismissed Davis's appeal, holding that he failed to allege specific facts that would entitle him to relief. In its opinion, the Nevada Supreme Court also misstated the plea bargain—just as Haight had at Davis's sentencing hearing—stating that Davis had stipulated to two six- to fifteen-year sentences, when in fact Davis had only stipulated to two six- to fifteen-year sentencing *caps*.

On November 9, 2001, Davis filed his first amended petition for habeas corpus in federal district court. He alleged only one ground for relief: that Haight rendered ineffective assistance at sentencing because she did not investigate or present mitigating evidence. The magistrate judge's report recommended that Davis's petition be denied on the merits because he could not show that prejudice resulted from

Haight's deficient performance. The district court adopted the magistrate judge's report and recommendation, and denied Davis's petition.

## II.   Discussion

We review de novo the district court's decision to deny a 28 U.S.C. § 2254 petition. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1242 (9th Cir.), *cert. denied*, 126 S. Ct. 442 (2005). In conducting that review, we look to "the last reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). We may grant a writ of habeas corpus only if the state court proceedings

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented . . . .

28 U.S.C. § 2254(d).

## A.   Section 2254(d)(1): Clearly Established Supreme Court Precedent

To establish a basis for relief on this ground, Davis must first show that there is "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). He must then show that the state court decision was contrary to, or involved an unreasonable application of, that Supreme Court precedent. *Id*. In their briefing, both Davis and the government assume that *Strickland v. Washington*, 466 U.S. 668 (1984), is the clearly established Supreme Court precedent controlling ineffective assistance of counsel claims.

**[1]** However, as we have previously recognized, the *Strickland* Court "expressly declined to 'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance.' " *Cooper-Smith*, 397 F.3d at 1244 (quoting *Strickland*, 466 U.S. at 686). Moreover, since *Strickland*, the Supreme Court has not delineated a standard which should apply to ineffective assistance of counsel claims in noncapital sentencing cases. *Id.* Therefore, as we said in *Cooper-Smith*, there is no clearly established federal law as determined by the Supreme Court in this context. *Id.*

**[2]** We note that, even though the *Strickland* standard does not by necessity apply to the noncapital sentencing context, the Nevada courts were nonetheless free to adopt that standard for use in this context, as they appear to have done. *Id.* However, because there is no clearly established Supreme Court precedent that applies to this context, we are unable to grant Davis habeas relief on this ground.

## B.    Section 2254(d)(2): Unreasonable Determination of the Facts

"[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Davis argues that the Nevada Supreme Court based its decision, in part, on its erroneous understanding that he stipulated to the sentence he received.

**[3]** In his written plea agreement, Davis stipulated to two six- to fifteen-year sentencing caps. However, at his sentencing hearing, Davis's attorney erroneously told the court that he had stipulated to two fifteen-year terms. This error was not only adopted by the Nevada Supreme Court, but also provided part of the basis for its denial of Davis's habeas petition.

Therefore, the Nevada Supreme Court's decision was based, at least in part, on an unreasonable determination of the facts, and so Davis may be entitled to relief under § 2254(d)(2). On this basis we reverse the district court's denial of Davis's habeas petition, and remand to the district court for an evidentiary hearing to allow Davis to present the mitigating evidence that his attorney failed to present at sentencing.

### III.  Conclusion

Davis does not qualify for habeas relief under § 2254(d)(1) because there is no clearly established Supreme Court precedent governing ineffective assistance of counsel claims in the noncapital sentencing context. However, he may be entitled to relief under § 2254(d)(2) because the Nevada Supreme Court based its decision on an erroneous understanding that Davis stipulated to the sentence he received. Therefore, we **REVERSE** and **REMAND** to the district court to hold an evidentiary hearing.

---

GRABER, Circuit Judge, concurring:

I concur fully in the majority's opinion. I write separately only to question whether *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir.), *cert. denied*, 126 S. Ct. 442 (2005), was correct in holding broadly that the Supreme Court has failed to explain what standard applies to claims of ineffective assistance of counsel in the context of a noncapital sentence.

In *Glover v. United States*, 531 U.S. 198 (2001), the Court applied *Strickland v. Washington*, 466 U.S. 668 (1984), to a noncapital sentencing proceeding in which the defendant received a term of imprisonment. In a unanimous opinion, the Court held that a 6- to 21-month increase in the defendant's sentence fulfilled the "prejudice" prong at the second step of

the *Strickland* test. *Glover*, 531 U.S. at 202-04. Indeed, "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203. Because the Seventh Circuit had bypassed the first analytical step of *Strickland*, *id.* at 202, Glover's case was remanded for reconsideration of, among other issues, whether Glover's counsel was deficient for failing to argue for grouping of the money laundering counts under the Sentencing Guidelines, *id.* at 205.

Additionally, I read *Strickland* itself simply to be discussing the way in which professional competence is to be judged in an informal setting, rather than to be suggesting that the usual two-part test does not apply. "For purposes of describing counsel's duties," 466 U.S. at 687, the Court said that the usual criteria for an adversarial trial apply with respect to capital sentencing because of its trial-like nature. What the Court did not have to consider was only "the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance." *Id.* at 686. The Court did not suggest, though, that the basic Sixth Amendment principles embodied in its decision do not apply to noncapital sentencing proceedings. Rather, it left open a specific description of counsel's duties in an "informal" setting where "standardless discretion" prevails.

In my view, the best way to read the Supreme Court's two cases together is to say that *Strickland* applies to a noncapital sentencing that is "formal" and that involves findings or conclusions that provide a standard for the imposition of sentence. I disagree with *Cooper-Smith* to the extent that it considers the foregoing principle not to be clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1).