**Dimas Clemente CHAVEZ, Petitioner—Appellant,**

v.

**Gail LEWIS, Warden, Respondent— Appellee.**

**No. 04–17092.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed July 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dimas Clemente Chavez, Coalinga, CA, pro se.

Gary L. Huss, Esq., Wild Carter & Tipton A Professional Corporation, Fresno, CA, for Petitioner–Appellant.

Mark Anthony Johnson, Esq., Sacramento, CA, for Respondent–Appellee.

Before: RYMER, T.G. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Dimas Clemente Chavez appeals the district court's denial of his habeas corpus petition seeking relief from his California state conviction. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2254, and we reverse and remand.

The California Court of Appeal's decision [1] "involved an unreasonable application of [ ] clearly established Federal law, as determined by the Supreme Court" [2] in *Batson v. Kentucky.* [3] In *Johnson v. California,* [4] a case decided after the district court rendered its decision, the United States Supreme Court held that the standard the California courts had been applying since 1994 for a prima facie showing of racial discrimination in jury selection (and, thus, the standard that they applied in this case) was incompatible with *Batson.* [5] In *Williams v. Runnels,* [6] this court held that the Supreme Court's decision in *Johnson* applied retroactively in habeas cases. [7] Accordingly, it applies to this case. Thus, we must review the California Court of Appeal's decision without the deference afforded by § 2254(d). [8]

Reviewing the decision de novo, it is clear that the petitioner established a pri-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The last reasoned decision of the California courts was that of the Court of Appeal. Accordingly, that is the decision we review. *See Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir.2006).

2. 28 U.S.C. § 2254(d)(1).

3. 476 U.S. 79, 95, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

4. 545 U.S. 162, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005).

5. *Id.* at 2416.

6. 432 F.3d 1102 (9th Cir.2006).

7. *Id.* at 1105 n. 5.

8. *Id.* at 1105 & n. 3.

564

ma facie case of discrimination.[9] We cannot proceed past the first step of the *Batson* inquiry, however, because the existing record does not include any explanation of the strikes by the prosecutor. Accordingly, we remand to the district court for further proceedings.[10]

REVERSED AND REMANDED.

---

**9.** *See id.* at 1107 (holding that the petitioner had established a prima facie case where the prosecutor had used 75% of his peremptory strikes on African–Americans).

