**Ernest Glenn VICK, Petitioner— Appellant,**

v.

**S. ORNOSKI, Respondent—Appellee.**

**No. 05–16712.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Dec. 1, 2006.

Charles M. Bonneau, Jr., Esq., Sacramento, CA, for Petitioner-Appellant.

David A. Lowe, AGCA–Office of the California Attorney General (SAC) Depart-

**680**

ment of Justice, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

## MEMORANDUM *

We review de novo the district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition. *Jensen v. Pliler,* 439 F.3d 1086, 1088 (9th Cir.2006). In conducting our review, we look to the last-reasoned state court decision. *Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir.2006). A writ of habeas corpus may be granted only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Davis,* 443 F.3d at 1158. A state court decision is "contrary to" established Supreme Court precedent if it either "applies a rule that contradicts the governing law set forth" by the Supreme Court or arrives at a different result in a case that is "materially indistinguishable from" a Supreme Court decision. *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision is an "unreasonable application of" Supreme Court precedent if the court "correctly identifies the governing legal principle but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08, 120 S.Ct. 1495.

Petitioner advances three arguments that he was denied the effective assistance of counsel guaranteed him by the Sixth Amendment. U.S. Const. amend. VI. To establish a claim that counsel's assistance was so defective as to require reversal of a conviction, petitioner must demonstrate both (1) that counsel's performance was deficient—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the deficient performance prejudiced the defense—that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our careful review of the record fails to support the allegation that the performance of Petitioner's counsel was so deficient or prejudicial as to demand a conclusion that the state court's rejection of Petitioner's claims of error was an objectively unreasonable application of *Strickland* and its progeny. Even if unwise in hindsight, there is a reasonably sound basis for the decisions made. We cannot conclude that those decisions fall outside "the wide range of reasonably professional assistance." *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

We understand Petitioner's concern over the length of his sentence, but the sentence was based on established legal precedent and was neither cruel nor unusual.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.