**Richard Zapien DELIRA, Petitioner–Appellant,**

v.

**D.L. RUNNELS, Warden, Respondent–Appellee.**

**No. 05–56155.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Dec. 19, 2006.

Richard Zapien Delira, Susanville, CA, pro se.

Vicki Marolt Buchanan, Esq., Newport Beach, CA, for Petitioner–Appellant.

David A. Wildman, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Richard Zapien Delira appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254, claiming his due process right to a fair trial was violated by the admission of past acts of domestic violence under California Evidence Code section 1109. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Delira argues that California Evidence Code section 1109, which allows the admission of "evidence of the defendant's commission of other domestic violence" in criminal actions where "the defendant is accused of an offense involving domestic violence," violates the Due Process Clause of the United States Constitution. Cal. Evid.Code § 1109. Under 28 U.S.C. § 2254(d), habeas relief is available only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See Williams v. Taylor,* 529 U.S. 362, 367, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The California Court of Appeal concluded that the trial court did not abuse its discretion when it admitted other acts of domestic violence against Delira. The admission of this evidence was not contrary to, nor an unreasonable application of, clearly established federal law, as the Supreme Court has not ruled on the question whether propensity evidence violates the Due Process Clause. *See Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[W]e express no opinion on whether a state law would

violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); *Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir.2006) (noting that where the Supreme Court has not established clear law, a state court's decision cannot be contrary to or an unreasonable application of it under AEDPA); *see also Alberni v. McDaniel,* 458 F.3d 860, 863, 867 (9th Cir.2006) (habeas petitioner's argument that use of propensity evidence violated his right to due process fails to meet the AEDPA threshold).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.