Eric Lamont HARRIS, Petitioner–Appellant,

v.

James BARTLETT, Respondent–Appellee.

No. 06–35109.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed May 3, 2007.

Eric Lamont Harris, Umatilla, OR, pro se.

Lester R. Huntsinger, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1.  Federal courts may also grant habeas relief if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evi-

MEMORANDUM *

Eric Lamont Harris ("Harris") appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2254. Harris argues that his due process rights were violated when the sentencing judge considered uncharged conduct and assigned, in an arbitrary and capricious manner, Harris's crime the highest Crime Seriousness rating under Oregon law. He also argues that the Oregon Racketeering Influenced & Corrupt Organizations Act ("ORICO"), under which he was convicted, is unconstitutionally vague. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Because Harris's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may only grant relief if the last reasoned decision of the state courts "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[1] Harris's first argument—that the state court violated his due process rights by fixing his sentence on the basis of conduct neither charged in the indictment nor proven to a jury—has been procedurally defaulted because he did not present it to the Oregon Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Harris's other due process argument—that the Crime Seriousness rating was arbitrary and capricious—may suffer from

dence in the State court proceeding." 28 U.S.C. § 2254(d)(2). Harris's counsel alluded to a claim based on this provision at oral argument. However, as it was not addressed in Harris's briefs, we consider it waived. *See United States v. Larson,* 460 F.3d 1200, 1214 n. 13 (9th Cir.2006).

**617**

exhaustion or procedural default issues as well. Nonetheless, we address the merits because "it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir.2005). Harris has pointed to no Oregon or Ninth Circuit case that supports his position that the high Crime Seriousness rating violates due process, much less to any clearly established Supreme Court law. *See Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir.2006).

Finally, Harris's claim that ORICO is void for vagueness likewise fails. "[T]he vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Lanier*, 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (internal quotation marks and citation omitted). Oregon courts have held that ORICO was "modeled after the federal [RICO] statute" and that "federal cases interpreting the federal statute ... are persuasive in" determining how to interpret ORICO. *State v. Blossom*, 88 Or.App. 75, 744 P.2d 281, 283 (1987). The United States Supreme Court has not held that the federal RICO is unconstitutionally vague, and federal appellate courts have consistently upheld that statute against such challenges. *See, e.g., United States v. Dischner*, 974 F.2d 1502, 1510 (9th Cir.1992), *overruled on other grounds by Loral Infared and Imaging Sys., Inc. v. ERA Helicopters, Inc.*, 116 F.3d 484 (9th Cir.1997). Therefore, the Oregon Supreme Court's decision holding that ORICO's terms provided sufficient

notice was not an unreasonable application of clearly established Supreme Court law.

**AFFIRMED.**