**Bruce Holte HAGEN, Petitioner—Appellant/Cross—Appellee,**

v.

**James MACDONALD; Mike McGrath, Respondents—Appellees/Cross—Appellants.**

**Nos. 04–35906, 04–36051.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2007.

Filed July 12, 2007.

---

Wendy L. Holton, Esq., Helena, MT, for Petitioner–Appellant/Cross–Appellee.

C. Mark Fowler, Atty., Office of the Montana Attorney General, Helena, MT, for Respondents–Appellees/Cross–Appellants.

Before: PREGERSON, FERGUSON, and IKUTA, Circuit Judges.

MEMORANDUM *

We are presented with cross appeals from the district court's partial grant and partial denial of habeas relief to Bruce Holte Hagen. We uphold the partial denial and reverse the partial grant. We review Hagen's petition under the provisions of Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a federal court may grant a petition for writ of habeas corpus with respect to a claim

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adjudicated on the merits in state court only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We look to "the last reasoned decision of the state court as the basis of the state court's judgment." *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir.2002).

## I.

## A.

Hagen's contention that he is entitled to habeas relief is based on an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*,

> [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. 2052. Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Hagen first argues that he is entitled to habeas relief because the state court's ruling that trial counsel's defects caused "some prejudice," but did not deprive him of effective assistance of counsel, "was contrary to, or involved an unreasonable application of" the Supreme Court's decision in *Strickland*. In brief, the state trial court held that Hagen "may have suffered *some prejudice* as a result of his counsel's deficiencies" (emphasis added) and thus "pursuant to the authority of § 46–21–201(6) [of the Montana Code Annotated]" it amended Hagen's aggravated assault sentence to run concurrently with his deliberate homicide sentence. At the same time, the state trial court held that Hagen's counsel provided reasonably effective assistance and Hagen "failed to show in these postconviction proceedings that there [wa]s a reasonable probability that but for the deficiencies complained of on the part of [his] trial and appellate counsel the results would have been different." The Montana Supreme Court rejected Hagen's argument that the trial court's ruling was internally inconsistent, and thus contrary to or an unreasonable application of *Strickland*. See *Montana v. Hagen*, 311 Mont. 117, 53 P.3d 885, 891 (2002) (hereinafter *Hagen III* ) ("A finding that an attorney could have done a 'better' or 'more thorough' job and that a defendant may have suffered some prejudice as a result is not the equivalent of ineffective assistance of counsel pursuant to *Strickland*.").

We agree with the Montana Supreme Court's analysis. The state trial court's decision to amend Hagen's sentence under state law due to Hagen's trial counsel's minor deficiencies is not inconsistent with its determination that Hagen did not suffer ineffective assistance of counsel for purposes of *Strickland*. Accordingly, the Montana Supreme Court's rejection of Hagen's argument on this issue was not

contrary to or an unreasonable application of *Strickland.* The district court erred in granting Hagen relief on the ground that it "was unreasonable for the trial court to find that there was enough prejudice to change the sentence on the aggravated assault conviction but not the verdict." [1]

### B.

Second, Hagen contends he is entitled to habeas relief based on trial counsel's mishandling of the evidence related to Jim Enger's reputation for violence. The state trial court stated that "[Hagen] testified at the [evidentiary] hearing that because he did not know who was attacking, his trial counsel advised that Enger's reputation could not be introduced." Hagen claims that under Montana law, trial counsel could have introduced evidence regarding Enger's reputation for violence, and trial counsel's failure to do so deprived Hagen of a fair trial.

The Montana Supreme Court implicitly determined that Hagen's testimony, standing alone, did not establish that trial counsel failed to introduce reputation evidence solely because of trial counsel's misunderstanding of the law. The Montana Supreme Court noted that the trial counsel had not testified at the evidentiary hearing on this ineffectiveness claim, and the court could not "determine from the record whether Hagen's trial counsel investigated Hagen's assertions, and, if he did, what tactical reasons were considered for not introducing that information at trial." *Hagen III,* 53 P.3d at 892. Concluding that Hagen had not carried his burden to demonstrate the ineffectiveness of his counsel, the Montana Supreme Court stated that "[a] silent record cannot rebut the 'strong presumption that counsel's conduct falls within the wide range of reasonable pro-

fessional assistance.'" *Id.* (quoting *State v. Langford,* 248 Mont. 420, 813 P.2d 936, 946 (1991)) (applying *Strickland* to an ineffective assistance of counsel claim).

■ The Montana Supreme Court's determination that Hagen had not carried his burden of demonstrating that his counsel was deficient was not contrary to or an unreasonable application of *Strickland.* The district court's grant of habeas relief on the ground that the Montana Supreme Court's determination "was an unreasonable application of the law to the facts" is an error. Even if the district court would have given greater weight to Hagen's testimony, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Further, even if Hagen had demonstrated that trial counsel's decision not to introduce reputation evidence was a deficiency for purposes of *Strickland,* Hagen did not show prejudice from this error, i.e., he did not show that there was a reasonable probability that the outcome of his trial would have been different but for that deficiency. *See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. Hagen admitted shooting Enger and his wife, but he claimed it was self-defense, arguing that he thought strangers were attacking him in his home. Yet, both Enger and Reece Cobeen testified that Hagen identified and threatened Enger before shooting. Ms. Hagen also testified that she had invited Enger and his wife into the Hagen residence and that Hagen pulled Enger inside after opening the door. Thus, there was no reasonable probability that the outcome

---

1. As we now reverse the grant of relief on this ground, there is no need to address the state's further arguments, including its procedural attack.

of the trial would have been different had trial counsel introduced evidence of Enger's reputation for violence. Accordingly, Hagen is not entitled to habeas relief on this ground, and the district court erred in concluding otherwise.

### C.

■ Third, Hagen claims that he was deprived of effective assistance of counsel because his lawyer failed to call a witness who was prepared to testify that Reece Cobeen gave conflicting stories about his distance from the Hagen residence at the time of the shooting. The Montana Supreme Court assumed without deciding that trial counsel's failure to call the witness "resulted in deficient representation," but held there was no prejudice. The state supreme court held that even had the witness testified and completely discredited Cobeen—effectively removing his testimony from trial—there was not a reasonable probability that the outcome would have been different.

The Montana Supreme Court's conclusion that there was no prejudice was not an unreasonable application of *Strickland*. As stated above, Hagen admitted shooting Enger and his wife but claimed he thought they were strangers attacking him in his home. Cobeen undermined Hagen's stranger-self-defense theory by testifying that Hagen verbally identified and threatened Enger before shooting him. But even absent Cobeen's testimony, other evidence would have filled the gap because Enger similarly testified.

■ In concluding that it could grant the writ based on this ineffective assistance of counsel claim, the district court made a number of errors, including reweighing the evidence relating to prejudice and granting relief under 28 U.S.C. § 2254(d)(2) (which is limited to those circumstances in which a state court's factual findings are objectively unreasonable, *see Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir.2004)). As noted above, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Rather, a federal court must be "highly deferential" in determining whether a state court's decision involved an unreasonable application of Supreme Court precedent, *Lindh v. Murphy,* 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and state court decisions must "be given the benefit of the doubt." *Woodford v. Visciotti,* 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

### D.

Fourth, Hagen asserts that his appellate counsel was ineffective for failing to raise on direct appeal his trial counsel's failure to object to the prosecutor's alleged improper reference to Mrs. Hagen's exercise of Montana's spousal privilege, *see* MONT. CODE. ANN. § 26–1–802. According to Hagen, "the prosecution clearly questioned Gabby Hagen about why she would not offer a statement about her husband, in contravention of Rule 505 [of the Montana Rules of Evidence]," *Hagen III,* 53 P.3d at 894–95. The Montana Supreme Court disagreed. It first determined that the prosecutor's conduct did not violate Rule 505 as a matter of state law. *Id.* at 895 (citing *State v. Dawson,* 233 Mont. 345, 761 P.2d 352, 359 (1988)). It then held that because there was no prosecutorial misconduct, appellate counsel was not ineffective for failing to raise the issue. *Id.*

■ The Montana Supreme Court's decision that the prosecutor did not violate

Montana law is not reviewable on habeas. *See Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Because there was no prosecutorial misconduct, appellate counsel was not deficient for failing to challenge trial counsel's failure to object to the prosecutor's comments. Therefore, the Montana Supreme Court's determination that Hagen had not established ineffective assistance of counsel based on this claim was not an unreasonable application of *Strickland.* The district court erred in revisiting this question.

## II.

■ The district court did not err in denying habeas relief on the remainder of Hagen's claims. Hagen's claim that his trial counsel was ineffective for failing to request a psychiatric evaluation in a manner that would ensure its confidentiality is procedurally barred because the Montana Supreme Court offered an independent and adequate ground for refusing relief, namely that the claim should have been raised on direct appeal. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Hagen has not claimed, let alone shown, cause and prejudice or a fundamental miscarriage of justice as a result of this bar. *Id.*

■ Further, Hagen's claim that his appellate counsel was ineffective for failing to raise the issue on direct appeal was not within the district court's Certificate of Appealability ("COA") and Hagen did not request an expansion of the COA. 28 U.S.C. § 2253(c). Even were this latter claim properly before us, however, we would affirm the district court's denial because Hagen cannot show that the state court's determination that he was not prejudiced was an unreasonable application of Supreme Court authority. Hagen claims he was prejudiced at both trial and sentencing, but his arguments relate solely to sentencing. As we recently noted, "the Supreme Court has not delineated a standard which should apply to ineffective assistance of counsel claims in noncapital sentencing cases. Therefore, ... there is no clearly established federal law as determined by the Supreme Court in this context." *Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir.2006) (internal citation omitted).

■ Hagen also challenges the denial of relief on his claim that his trial counsel was ineffective for failing to request an instruction on the lesser offense of negligent homicide. The Montana Supreme Court held that counsel's failure to request the instruction was not deficient. Trial counsel's decision not to request the instruction was a reasonable trial tactic given that an instruction on negligence may have jeopardized Hagen's contention that he deliberately acted in self defense. *See United States v. Span,* 75 F.3d 1383, 1389–90 (9th Cir.1996). This was a reasonable application of *Strickland* because "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

Finally, Hagen argues that the district court erred in granting habeas relief on his aggravated assault conviction while denying it on his deliberate homicide conviction, arguing that the claims are inextricably intertwined. As already stated above, however, the district court erred in granting relief on the aggravated assault conviction and thus this argument is moot.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**