**Luke SORAICH, Plaintiff—Appellant,**

v.

**State of MONTANA; Mike Mahoney, Warden, Defendants—Appellees.**

No. 07–35218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2008.

Filed Jan. 22, 2008.

Todd Maybrown, Esq., Allen, Hansen & Maybrown, P.S., Seattle, WA, Bryan C. Tipp, Esq., Tipp & Buley, Missoula, MT, for Plaintiff–Appellant.

Mike McGrath, Esq., C. Mark Fowler, Esq., AGMT—Office of the Montana At-

torney General, Helena, MT, for Defendants–Appellees.

Before: BEEZER, KLEINFELD, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Luke Soraich appeals the magistrate judge's order denying his petition for a writ of habeas corpus with respect to his claims for ineffective assistance of trial counsel, deprivation of due process and ineffective assistance of appellate counsel. We review de novo, *Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir.2006), and affirm. The parties are familiar with the facts and we do not repeat them here.

### I

■ Soraich argues that the Montana Supreme Court's decisions disposing of his first two claims were contrary to, or involved an unreasonable application of, clearly established federal law as set forth by the U.S. Supreme Court. *See* 28 U.S.C. § 2254(d); *Medina v. Hornung,* 372 F.3d 1120, 1124 (9th Cir.2004). We are unable to agree.

Soraich cites no U.S. Supreme Court authority in support of either claim. *See Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (holding that "clearly established federal law" refers to holdings of the U.S. Supreme Court as of the time of the relevant state court decision). With respect to his ineffective assistance of trial counsel claim, Soraich cites *United States ex rel. Hampton v.*

*Leibach,* 347 F.3d 219 (7th Cir.2003), *Anderson v. Butler,* 858 F.2d 16 (1st Cir. 1988), and *Blankenship v. State,* 23 S.W.3d 848 (Mo.2000). Even assuming that these cases could provide persuasive authority for Soraich's argument, the courts in these cases did not presume ineffective assistance of counsel based solely on a failure to deliver promised testimony to the jury. Rather, the courts in these cases analyzed the significance of the failure in light of all of the circumstances. *See Leibach,* 347 F.3d at 259; *Anderson,* 858 F.2d at 18; *Blankenship,* 23 S.W.3d at 851. With respect to his deprivation of due process claim, Soraich simply asserts that the alleged prosecutorial vouching "must have had a profound impact on [his] chances at trial." This assertion is questionable and does not satisfy the standard for establishing a due process violation. *See Davis v. Woodford,* 384 F.3d 628, 644 (9th Cir.2004) ("To warrant habeas relief, prosecutorial misconduct must 'so infect the trial with unfairness as to make the resulting conviction a denial of due process.' ") (quoting *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)).

In light of the evidence presented against Soraich, the Montana Supreme Court's decisions disposing of Soraich's first two claims were neither contrary to, nor involved an unreasonable application of, clearly established federal law as set forth by the U.S. Supreme Court.

### II

■ Soraich concedes that his ineffective assistance of appellate counsel claim is procedurally defaulted, but argues that he has shown sufficient cause and prejudice to excuse the default under *Moormann v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

*Schriro,* 426 F.3d 1044 (9th Cir.2005). We are unable to agree.

In *Moormann,* we held that the petitioner's post-conviction counsel had a conflict of interest in raising, during post-conviction proceedings, the issue of his own ineffectiveness as direct appellate counsel. 426 F.3d at 1059. This conflict was sufficient cause to excuse the petitioner's procedural default in failing to raise an ineffective assistance of appellate counsel claim during post-conviction proceedings. *Id.* Unlike the petitioner *Moormann,* Soraich had two post-conviction attorneys, only one of whom served as direct appellate counsel. Soraich's second attorney did not suffer any conflicts of interest. *See DiRuzza v. County of Tehama,* 206 F.3d 1304, 1308–09 (9th Cir.2000) (" '[T]he primary, if not the only, responsibility of an assistant public defender is to represent individual citizens in controversy with the State.' ") (internal citations omitted). Soraich's second, conflict-free attorney could have amended Soraich's post-conviction petition to include a claim of ineffective assistance of appellate counsel within the appropriate limitations period, but did not. Soraich has not shown cause sufficient to excuse his procedural default under the limited holding in *Moormann.*

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.