**Jaime FLORES, Petitioner–Appellant,**

v.

**Terry STEWART; Arizona Attorney General, Respondents–Appellees.**

No. 06–16897.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed May 21, 2008.

Dale A. Baich, Esq., Justin Marceau, Esq., Federal Public Defender's Office, Phoenix, AZ, for Petitioner–Appellant.

Robert J. Walsh, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM *

In November of 1998, Jaime Flores pled guilty to conspiring to sell drugs and kid-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

naping. After holding a sentencing hearing and finding no mitigating circumstances, the court sentenced Flores to 16 years imprisonment, the maximum provided for in the plea agreement. Flores filed a timely state petition for post-conviction relief, which was denied without a hearing. The state appellate and supreme courts summarily dismissed his appeals of that denial. Flores then filed a habeas petition in federal district court. That petition was denied without an evidentiary hearing, and Flores now appeals that decision.

Flores seeks an evidentiary hearing on whether his counsel was ineffective for failing to present mitigating evidence of Flores's history of mental health issues at his sentencing and for allowing Flores to plead guilty while heavily medicated and suffering various mental health problems. These basic claims were presented in Flores's pro se state habeas petitions. In light of the liberal construction we must give to pro se habeas petitions and our reluctance to engage in hairsplitting regarding exhaustion, we conclude that the state petitions sufficiently exhausted Flores's current claims. *See Jackson v. Carey,* 353 F.3d 750, 757 (9th Cir.2003); *Pinholster v. Ayers,* 525 F.3d 742, 765–67 (9th Cir.2008).

Flores's claim that his counsel failed to introduce evidence of his mental health issues at sentencing cannot form the basis of a successful habeas claim under AEDPA. Flores brings this challenge to his sentencing and his counsel's performance at sentencing under 28 U.S.C. § 2254(d)(2), apparently in an effort to sidestep the requirements of 28 U.S.C. § 2254(d)(1), which he cannot meet. *See Davis v. Grigas,* 443 F.3d 1155, 1158 (9th Cir.2006) (holding there is no clearly established federal standard for "ineffective as-

sistance of counsel claims in noncapital sentencing cases" sufficient to support a claim for habeas relief under § 2254(d)(1)). However, his claim fails under § 2254(d)(2), because the state court's factual findings as to mitigation were not unreasonable in light of the evidence before it. To the extent that Flores is trying to shoehorn an ineffective assistance of counsel claim into § 2254(d)(2), the evidence does not warrant such a claim, and this route cannot be used to circumvent the requirements of § 2254(d)(1), nor does the evidence offered by Flores warrant a hearing. *Cf. Davis,* 443 F.3d at 1159.[1]

Neither are Flores's allegations regarding ineffective assistance with respect to his plea sufficient to support a claim to relief. To be entitled to an evidentiary hearing on a matter where the state court has not made findings of fact, a petitioner must "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding." *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir.2003) (quoting *Belmontes v. Woodford,* 335 F.3d 1024, 1053–54 (9th Cir.2003)). Flores cannot meet the first prong of this test.

While we have held that "[w]hen counsel has reason to question his client's competence to plead guilty, failure to investigate further may constitute ineffective assistance of counsel," *United States v. Howard,* 381 F.3d 873, 881 (9th Cir.2004), Flores has not alleged that his counsel at the plea hearing had any such reason. Flores's equivocal claim in his affidavit that he "believe[s he] told [his counsel] something about [his] mental condition" is insufficient to allege that his lawyer had

---

1. In any event, as discussed below, Flores also could not prevail because his counsel had no actual or constructive knowledge of any mental condition that could have been offered in mitigation.

actual notice. Nor do Flores's assertions that his prior counsel[2] was aware of his mental health issues suffice for constructive notice, since he makes no claim that this knowledge was communicated to his subsequent counsel or should be imputed to him.

We decline Flores's invitation to expand the certificate of appealability to include his claim for actual incompetence.

**DENIED.**

---

**2.** Pages 511–19 of Flores's excerpts of record pertain to his prior counsel. Because these documents were not before the district court, we grant the Arizona Attorney General's motion to strike them from the record on appeal. 9TH CIR. R. 10–2.