**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMOS NOLA OSBORN, | No. 08-35631 |
| Petitioner - Appellant, | D.C. No. 1:05-CV-01196-CL |
| v. | |
| BRIAN BELLEQUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted June 11, 2010[**]
Portland, Oregon

Before: THOMPSON and McKEOWN, Circuit Judges, and TIMLIN, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert J. Timlin, Senior United States District Judge
for the Central District of California, sitting by designation.

Defendant Amos Nola Osborn, a state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition alleging ineffective assistance of counsel. Osborn was convicted of two counts of aggravated murder following a bench trial and was sentenced to life without the possibility of parole. He contends that his counsel failed to advise him of the consequences of waiving a jury trial and failed to call available mitigating witnesses at his sentencing hearing. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's decision to deny a 28 U.S.C. § 2254 petition and look to the last reasoned state-court decision—here, the Oregon post-conviction trial court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003), *cert. denied,* 541 U.S. 1037 (2004). We may grant a writ of habeas corpus only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

*Jury Trial Waiver*

Osborn contends the state court unreasonably applied the controlling standard set out in *Strickland v. Washington,* 466 U.S. 668 (1984), in denying his

ineffective assistance of counsel claim with regard to his jury trial waiver. We disagree.

Under the two-part *Strickland* test, counsel's performance must have been deficient and prejudiced the outcome. *Strickland*, 466 U.S. at 693-94. To establish deficiency, Osborn "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. He cannot establish either.

Osborn's contention that his trial attorneys failed to explain the consequences of waiving a jury trial lacks merit. Osborn signed a written jury trial waiver acknowledging that he had consulted with counsel and later admitted in a post-conviction deposition that his counsel reviewed the waiver with him. Osborn also conceded that he reevaluated his jury waiver decision with new trial counsel, who advised him to continue with a bench trial for strategic reasons.

Osborn's contention that his trial counsel unreasonably advised a jury trial waiver before completing the investigation into his insanity defense also lacks merit. Although Osborn's expert neurologist did not evaluate him until after his waiver, he was evaluated by his expert neuropsychologist two months before his

3

waiver. As Osborn had already confessed to the murders, it was not unreasonable for his counsel to advise a jury trial waiver in order to present his insanity defense to a judge rather than a jury. That counsel advised Osborn to waive his right to a jury trial after Osborn was evaluated by one, but not both, of his testifying experts does not fall below an objective standard of reasonableness under the circumstances of this case. *Strickland*, 466 U.S. at 688.

Because Osborn has not established a *Strickland* error, we need not address the prejudice prong. *Id*. at 697. In any event, Osborn cannot show prejudice in light of the overwhelming evidence at trial that contradicted his insanity defense, including his admission that he planned the murder and tried to cover it up afterwards. A jury would have been no more likely to adopt his insanity defense than the trial judge.

*Sentencing*

As a threshold matter, Osborn is not entitled to habeas relief under 28 U.S.C. § 2254(d)(1) because there is no clearly established Supreme Court precedent in the noncapital sentencing context. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir.), *cert. denied* 546 U.S. 944 (2005). But, even if the *Strickland* standard for death penalty cases

applied to this noncapital sentencing, as Osborn argues, his claim nevertheless fails because he cannot establish prejudice. *Strickland*, 466 U.S. at 694.

Osborn contends his counsel was ineffective for failing to present mitigating witnesses at his sentencing hearing. Osborn relies on the affidavits of five family members who stated they were available to testify at his sentencing but were not called to do so. Their testimony, however, was unlikely to change the result of the sentencing proceeding because the proposed testimony duplicated the expert testimony given at trial and was outweighed by the evidence against mitigation.

As the trial judge recounted at sentencing, Osborn planned the murders, had many opportunities to forgo his plan, was the first to shoot the victims, and tried to cover-up the murders afterwards. Osborn also admitted that he killed the victims even though he did not know them or have any problem with them. In light of this evidence, there is no realistic probability that the result would have been different had Osborn's family members testified at his sentencing proceeding. *Id.* Because Osborn failed to establish prejudice, his claim fails even when analyzed under *Strickland*.

5

*Mitigating Witnesses*

In rejecting Osborn's ineffective assistance of counsel claim, the state court concluded there were no mitigating witnesses who would have had the tendency to affect the outcome of his sentencing proceeding. Osborn contends that this factual determination was objectively unreasonable under 28 U.S.C. § 2254(d)(2) because it overlooked, or ignored, the five affidavits from his family members. Osborn is incorrect.

The state court did not simply conclude that there were no mitigating witnesses; it determined there were no mitigating witnesses who could have affected the outcome of the sentencing proceeding. That determination was not unreasonable given the family witnesses' redundant testimony and the overwhelming evidence against mitigation. *See Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.), *cert. denied*, 543 U.S. 1038 (2004) ("[A] federal court may not second-guess a state court's fact-finding process unless . . . it determines that the state court was not merely wrong, but actually unreasonable."); 28 U.S.C. § 2254(e)(1).

*Conclusion*

Osborn's ineffective assistance of counsel claims lack merit. The state court decision was not an unreasonable application of clearly established federal law nor

6

was it based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).

Osborn, therefore, is not entitled to habeas relief.

**AFFIRMED.**