**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID VIGIL, | No. 10-16792 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-04994-THE |
| v. |  |
| MIKE MCDONALD, | MEMORANDUM* |
| Respondent - Appellee. |  |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted September 2, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and WHELAN, Senior District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Thomas J. Whelan, Senior U.S. District Judge for the
United States District Court for the Southern District of California, sitting by
designation.

David Vigil appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Vigil argues that his trial counsel's failure to present mitigating evidence at his sentencing hearing was constitutionally ineffective assistance of counsel. To succeed with his habeas petition, Vigil must first show that the state court's denial of habeas "involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Vigil claims that *Strickland v. Washington*, 466 U.S. 668 (1984), establishes the standard by which to evaluate the performance of counsel in noncapital sentencing cases like his own. *Id.* at 686–87 (holding that ineffective assistance of counsel is shown by deficiency in trial counsel's performance that prejudices the defense).

*Strickland*, however, only defines the standard to evaluate counsel in *capital* sentencing cases and according to our case law, since deciding *Strickland*, "the Supreme Court has not delineated a standard which should apply to ineffective assistance of counsel claims in *noncapital* sentencing cases." *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006) (emphasis added); *see also Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005) ("[I]n *Strickland*, the Court expressly declined to consider the role of counsel in an ordinary sentencing, which

2

. . . may require a different approach to the definition of constitutionally effective assistance." (alteration in original) (internal quotation marks omitted)).

Vigil asserts that both *Davis* and *Cooper-Smith* are wrong because the Supreme Court extended the *Strickland* standard to noncapital sentencing cases in *Glover v. United States*, 531 U.S. 198 (2001), thereby establishing federal law that the state court misapplied. In *Glover*, the Supreme Court considered whether a sentence that was between 6 and 21 months higher than it should have been due to attorney error constituted prejudice to the criminal defendant. *See Glover*, 531 U.S. at 200. The *Glover* court looked to *Strickland* to analyze whether the defendant had been prejudiced by the alleged error. *Id.* ("We must decide whether [an increased prison sentence as a result of attorney error] would be 'prejudice' under *Strickland v. Washington*.").

Vigil finds support for his argument in Judge Graber's concurrence in *Davis*. There, despite agreeing with the majority that the panel was bound by our decision in *Cooper-Smith*, Judge Graber questioned whether *Cooper-Smith* was correct that there was no clearly established federal law applicable to noncapital sentencing cases after *Glover*, which she read as applying "*Strickland* to a noncapital sentencing proceeding." *Davis*, 443 F.3d at 1159 (Graber, J., concurring). Based on her understanding of *Glover*, Judge Graber concluded that "*Strickland* applies

3

to a noncapital sentencing that is 'formal' and involves findings or conclusions that provide a standard for the imposition of sentence." *Id.* Citing Judge Graber's concurrence, Vigil argues that because his sentencing hearing falls within Judge Graber's definition of a noncapital sentencing case subject to review because his hearing was formal and required the sentencing court to apply defined standards, *Davis* and *Cooper-Smith* are not binding here. Vigil also attempts to reconcile *Davis* and *Cooper-Smith* with *Glover* by arguing that because the sentencing hearings in both *Davis* and *Cooper-Smith* occurred before the Supreme Court decided *Glover*, neither sentencing court was compelled by *Glover* to apply *Strickland*.

*Davis* and *Cooper-Smith*, however, are not limited in the way that Vigil suggests. In fact, although decided after *Glover*, *Davis* declared that "since

*Strickland*, the Supreme Court *has not delineated a standard*" that should apply to noncapital sentencing cases. *Davis*, 443 F.3d at 1158 (emphasis added).[1]

We are bound in the circumstances of this case by our decisions in *Davis* and *Cooper-Smith* until either we reverse them en banc or the Supreme Court clearly holds to the contrary. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court."). Until then, those cases stand for the proposition that there is no

---

[1]The Supreme Court recently revisited the *Strickland* standard in *Premo v. Moore*, 131 S. Ct. 733, 738 (2011). Although *Premo* applies *Strickland* in the context of counsel's performance in assessing a plea bargain, *id.*, statements in *Premo* indicate that *Strickland* might apply in all contexts. The *Premo* court identified *Strickland* as "the standard for inadequate assistance of counsel under the Sixth Amendment" without caveat. *Id.* And later, when discussing the application of *Strickland*, the Court revisited this idea: "Whether before, during, *or after trial*, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused." *Id.* at 742 (citing *Strickland*, 466 U.S. at 668) (emphasis added). We question whether *Premo* is sufficient to call into question our decisions in *Davis* and *Cooper-Smith*. Whether or not *Premo* is sufficient to call into question our prior decisions, it does not control the outcome here because it was decided after the state court decided Vigil's habeas petition and therefore was not clearly established law the state court was bound to apply.

clearly established Supreme Court precedent by which to evaluate counsel's performance in noncapital sentencing cases.[2]

**AFFIRMED**.

---

[2]Even if *Strickland* were clearly established federal law applicable to Vigil's sentencing hearing, the state court reasonably applied *Strickland* to conclude that Vigil was not prejudiced by counsel's performance. The state court reasonably determined that "the nature of [Vigil's] threat [to kill the victim] and the fear instilled in the victim [are] the same" regardless of whether Vigil used a knife or not. And Vigil's lengthy criminal record, intolerance of authority, and "dim" prospects for rehabilitation—all considered by the sentencing court and state habeas court—support the conclusion that even had Vigil's counsel introduced evidence that called into question the presence of a knife, it would not have caused the sentencing court to strike one of Vigil's prior convictions.