**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SKILLFUL DAVIS, | No. 10-36035 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00901-ST |
| v. | |
| BRIAN BELLEQUE, Superintendant, Oregon State Penitentiary, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Argued and Submitted November 14, 2011
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Skillful Davis appeals the district court's denial of his petition for habeas

corpus. We affirm.

Davis's petition alleges ineffective assistance of counsel ("IAC") in

connection with his state court sentencing. As we held in *Davis v. Grigas*, 443

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

F.3d 1155, 1158 (9th Cir. 2006), we cannot grant habeas relief under 28 U.S.C. § 2254(d)(1) based on a claim of noncapital sentencing IAC because there is no clearly established United States Supreme Court precedent applicable to that situation. The Supreme Court has not established any such precedent since that time.

Davis did not present a sufficient factual basis for an IAC claim, in any event. The Oregon post-conviction court denied his petition for relief based on its conclusion that his sentence was legal under state law. Based on that conclusion, it does not appear that Davis could satisfy either prong of the two-prong test for IAC in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a result, he could not establish that the state court's conclusion to that effect was unreasonable. *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (noting the double deference owed to a state court determination of no ineffective assistance of counsel). The request to expand the certificate of appealability is denied.

**AFFIRMED**.

*Davis v. Belleque* **No. 10-36035**

PAEZ, Circuit Judge, concurring:

I concur in the disposition. I write separately only to express my agreement with Judge Graber's concurrence in *Davis v. Grigas* that *Strickland v. Washington*, 466 U.S. 668 (1984), applies to formal, noncapital sentencing proceedings "involv[ing] findings or conclusions that provide a standard for the imposition of sentence." 443 F.3d 1155, 1159 (9th Cir. 2006) (Graber, J., concurring). Nonetheless, Davis's claim here fails because he cannot satisfy either prong of the *Strickland* test.

In *Strickland*, the Supreme Court established the constitutionally-required standard for effective assistance of counsel in capital sentencing cases. 466 U.S. at 687. The Court also explained that it "need not consider the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance." *Id.* at 686.

Subsequently, in *Glover v. United States*, the Supreme Court held that a defendant suffered prejudice when his attorney's alleged deficient performance resulted in the imposition of a higher sentence for noncapital, federal offenses. 531 U.S. 198, 200 (2001). In so holding, the Court applied *Strickland*. *Id.* at 200 ("We must decide whether this would be 'prejudice' under [*Strickland*].").

Notwithstanding the Court's statements in *Glover*, we held that the Supreme Court has not extended *Strickland* to noncapital sentencing proceedings. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005); *Davis*, 443 F.3d at 1158. In *Davis*, Judge Graber authored a compelling concurrence in which she concluded that "the best way to read [*Strickland* and *Glover*] together is to say that *Strickland* applies to a noncapital sentencing that is 'formal' and that involves findings or conclusions that provide a standard for the imposition of sentence." *Davis*, 443 F.3d at 1159 (Graber, J., concurring). I agree.[1]

As noted in our memorandum disposition, however, the state court correctly interpreted the relevant state law and therefore imposed a lawful sentence. There is simply no showing that Davis's counsel performed deficiently or that he suffered any prejudice. Thus, even if we were to apply *Strickland*, Davis would not be entitled to habeas relief. Under these circumstances, I do not consider this to be a worthy case for en banc review, which would be necessary to reconsider our holding in *Davis*. Therefore, I concur in the court's affirmance of the district court's denial of Davis's habeas petition.

---

[1] Although *Premo v. Moore*, __ U.S. __, 131 S. Ct. 733, 737-38, 742 (2011), was decided after the state court denied Davis's petition for post-conviction relief, it offers further support for this conclusion.