**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEF MICHAEL JENSEN,
      *Petitioner-Appellant,*

v.

CHERYL K. PLILER, Warden,
      *Respondent-Appellee.*

No. 04-55840

D.C. No.
CV-03-01110-JVS

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
February 7, 2006—Pasadena, California

Filed March 9, 2006
Amended April 27, 2006

Before: David R. Thompson, Thomas G. Nelson, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Thompson

4793

## COUNSEL

David J. Zugman, San Diego, California, for the petitioner-appellant.

Scott C. Taylor, Supervising Deputy Attorney General, San Diego, California, for the respondent-appellee.

## ORDER

The Opinion, *Jensen v. Pliler*, No. 04-55840, slip op. 2413 (9th Cir. Mar. 9, 2006), is amended by deleting from footnote 3 at slip op. 2421, the following sentence: "However, we need not decide here whether *Crawford* applies retroactively." Inserted in place thereof is the sentence: "Whether or not *Crawford* applies retroactively is immaterial to our disposition of this case."

With the foregoing amendment, the panel, as constituted above, has unanimously voted to deny appellant Jensen's petition for rehearing. Judge Gould has also voted to deny his petition for rehearing by the court en banc, and Judges Thompson and T.G. Nelson have recommended denial of that petition.

The full court has been advised of the petition for court rehearing en banc, and no judge of the court has requested en banc rehearing. See Fed. R. App. P. 35(b).

The petitions for panel rehearing and for rehearing by the court en banc are DENIED. No further petitions shall be entertained.

## OPINION

THOMPSON, Senior Circuit Judge:

Josef Michael Jensen appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for two counts of first degree murder and two counts of conspiracy to commit murder. Jensen contends his Sixth Amendment Confrontation Clause rights were violated when, during his state court trial, attorney Todd Rash was permitted to testify to out-of-court statements made to him by the

unavailable declarant George Taylor. Taylor had made the statements to Rash, his attorney, when Taylor was in jail under arrest for murder. After Taylor was released from jail, he was killed. Jensen argues that admitting Taylor's statements into evidence at his trial violated his Confrontation Clause rights as set forth in *Crawford v. Washington*, 541 U.S. 36 (2004).

We affirm the district court's denial of Jensen's habeas petition. The unavailable declarant Taylor's statements to his attorney were not "testimonial" under *Crawford*, and were properly admitted into evidence at Jensen's trial.

## I. JURISDICTION

The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

## II. BACKGROUND

While George Taylor was in custody for the January 12, 1998 murder of Kevin James, his mother hired attorney Todd Rash to interview him about possibly representing him in the case. During the jailhouse interview, Taylor initially told Rash he was sleeping in an orange grove when the killing occurred. Rash said that story was not believable. Taylor then confessed he had shot a man in the head while the man was in bed in an upstairs bedroom. That man was the decedent, Kevin James. Taylor told Rash further details of the killing, including the involvement of his friends defendant Josef Jensen, Shelbi Harris, Terence Bledscoe, and Lisa James (Kevin James's wife).

During the interview, Rash repeatedly assured Taylor that their conversation was protected by the attorney-client privilege and promised that he "would never, ever, tell anyone." Taylor told Rash that he did the killing for Harris, who was

like a sister to him and who was having an affair with Lisa James. Taylor further told Rash "he would go to prison before he would ever testify against anyone else who was involved" in the murder.

After Taylor was released from jail, Jensen and Blesdoe brought him by car to Harris at a remote area. They had a gun, which Harris had provided. Harris, Jensen, and Blesdoe accused Taylor of talking to the police and to his attorney. According to Jensen, Harris shot Taylor as his back was turned. According to Blesdoe, Jensen shot Taylor as he sat in the car. Jensen and Blesdoe moved Taylor's body to a concealed spot.

After Taylor was killed, Jensen was tried in California state court for the murders of Kevin James and Taylor. At trial, Rash testified as to what Taylor had told him while Taylor was in jail.[1]

A jury convicted Jensen of the first degree murder of both Kevin James and Taylor, as well as conspiracy to commit those murders. Jensen appealed his conviction, and the California Court of Appeal affirmed the trial judgment. Without comment, the California Supreme Court denied Jensen's petition for review and his state habeas petition.

Jensen then filed a federal habeas petition. The magistrate judge's report and recommendation recommended that the petition be denied. While this recommendation was being considered by the district court, the United States Supreme Court decided *Crawford*, replacing the Confrontation Clause inquiry under *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), which had emphasized whether statements were "trustworthy," with a new test that focused on whether statements were "testimonial." *See Crawford*, 541 U.S. at 68. The district court then

---

[1]Taylor's mother, her son's next of kin, waived the attorney-client privilege.

reasoned that *Crawford* did not apply retroactively, and, following the magistrate judge's report and recommendation, denied Jensen's habeas petition with prejudice and refused to issue a certificate of appealability.

We granted a certificate of appealability on the issue whether the appellant Jensen's Sixth Amendment right of confrontation was violated by the trial court's admission of the unavailable declarant Taylor's statements to his lawyer, Rash.

## III. STANDARD OF REVIEW

We review de novo the district court's decision to grant or deny a 28 U.S.C. § 2254 habeas corpus petition. *See Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). Because Jensen filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its provisions apply. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003). Under AEDPA, a state prisoner is entitled to habeas relief only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

## IV. DISCUSSION

Jensen contends that his Sixth Amendment right of confrontation was violated by the admission of the unavailable declarant Taylor's statements to his attorney without Jensen having an opportunity to cross-examine him.

[1] The Confrontation Clause requires that a defendant in a criminal prosecution "enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. In

*Crawford*, the Supreme Court determined that admissibility of an unavailable declarant's out-of-court statements depends on whether the statements were "testimonial" in nature. *Crawford*, 541 U.S. at 68 ("Where testimonial evidence is at issue . . . the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination."); *see also United States v. Cervantes-Flores*, 421 F.3d 825, 831 (9th Cir. 2005). Thus, to decide whether Jensen's Confrontation Clause rights were violated, we must first determine whether Taylor's statements to his attorney were "testimonial" within the meaning of *Crawford*.

**[2]** While the Court in *Crawford* "le[ft] for another day any effort to spell out a comprehensive definition of 'testimonial,' " the Court provided some guidance for ascertaining whether evidence is testimonial. *Crawford*, 541 U.S. at 68. First, the Court observed that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* at 51. The Court next offered three "formulations of [the] core class of 'testimonial' statements":

> [(1)] "*ex parte* in-court testimony or its functional equivalent — that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially," [(2)] "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," [(3)] "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]"

*Id.* at 51-52 (omission in original) (citations omitted). The Court also gave examples of clearly testimonial statements —

"prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and . . . police interrogations." *Id.* at 68.

**[3]** Whatever the definition of "testimonial," we conclude that Taylor's statements to his attorney were non-testimonial under *Crawford*. Taylor's statements do not "fall within the compass" of the per se examples of testimonial evidence given in *Crawford*. *Leavitt v. Arave*, 383 F.3d 809, 830 n.22 (9th Cir. 2004); *see also Crawford*, 541 U.S. at 68.

Taylor's statements do not fit within the Court's initial example in *Crawford* because Taylor's statements were not made to a government officer with an eye toward trial, the primary abuse at which the Confrontation Clause was directed.[2] *Crawford*, 541 U.S. at 50, 56 n.7, 68; *see also Cervantes-Flores*, 421 F.3d at 833-34 (noting that *Crawford*'s examples "all involve live out-of-court statements against a defendant elicited by a government officer with a clear eye to prosecution."); *United States v. Manfre*, 368 F.3d 832, 838 n.1 (8th Cir. 2004) (holding that statements made by declarant to family members were not "testimonial" because they were "not the kind of memorialized, judicial-process-created evidence of which *Crawford* speaks").

**[4]** Nor do Taylor's statements qualify as testimonial under any of the "formulations" of testimonial evidence offered in *Crawford*. Regarding *Crawford*'s first and third formulations,

---

[2]We reject Jensen's contention that Taylor's statements were testimonial because Rash, Taylor's attorney, was allegedly the functional equivalent of an interrogating officer. Rash had worked as a prosecutor for approximately seven years with the District Attorney's office that eventually prosecuted Jensen but left for private practice over two years before he met with Taylor. Jensen asserts that Rash used his skills as a former prosecutor to cross-examine Taylor during their interview. There is no evidence, however, that Rash acted in any capacity other than as Taylor's attorney. The tone in which an attorney conducts his client interview, or where the attorney used to work, do not render an attorney-client conversation testimonial.

Taylor could not have "reasonably expect[ed] [his statements to his attorney Rash] to be used prosecutorially" or "reasonably . . . believe[d] that the statement[s] would be available for use at a later trial." *Crawford*, 541 U.S. at 51-52. Rash repeatedly explained to Taylor that their discussion was protected by the attorney-client privilege and promised that he "would never, ever, tell anyone." Taylor also told Rash that "he would go to prison before he would ever testify against anyone else who was involved in" Kevin James's murder, supporting the state's contention that Taylor never expected that his statements would be used at a later trial. In addition, the first formulation's reference to "custodial examinations" doubtless refers to interrogation by a government officer, rather than a prisoner being interviewed by his attorney. *Id.* at 51. Finally, despite their confessional nature, Taylor's statements to his attorney are not encompassed by the second formulation which concerns "formal" confessions. *Id.* at 52. In sum, because Taylor's statements to his attorney were not "testimonial," their admission in Jensen's trial was not precluded by *Crawford*.[3]

[5] We need not decide here whether the firmly rooted hearsay exception or particularized guarantees of trustworthiness test enunciated in *Roberts*, 448 U.S. at 66, is still the applicable law for the admissibility of non-testimonial evidence under the Confrontation Clause. *See United States v. Weiland*, 420 F.3d 1062, 1076 (9th Cir. 2005) (noting that it is unclear whether the *Roberts* test survives *Crawford* for non-testimonial evidence). Even assuming that *Roberts* still applies, the California Court of Appeal's decision that the Confrontation Clause requirements were satisfied was not

---

[3]In *Bockting v. Bayer*, 399 F.3d 1010, 1012-13 (9th Cir. 2005), we held that *Crawford* applies retroactively to cases on collateral review. A petition for certiorari in that case was filed on November 7, 2005, but the Supreme Court has not yet acted on it. Whether or not *Crawford* applies retroactively is immaterial to our disposition of this case. Taylor's statements were not "testimonial," and therefore *Crawford* does not preclude their admission into evidence in Jensen's trial.

"contrary to, [n]or involved an unreasonable application of," the law the Supreme Court set forth in *Roberts*.[4] *See* 28 U.S.C. § 2254(d)(1).

## V. CONCLUSION

Taylor's statements to his attorney were non-testimonial under *Crawford* and therefore *Crawford* does not preclude their admission into evidence at Jensen's trial. Aside from *Crawford*, the California Court of Appeal's determination that Jensen's Sixth Amendment right to confrontation was not violated by the admission of the statements was not contrary to nor an unreasonable application of federal law as determined by the Supreme Court. Accordingly, we affirm the district court's denial of Jensen's habeas petition.

**AFFIRMED.**

---

[4]Citing two cases, *People v. Duke*, 74 Cal. App. 4th 23, 29 (Cal. Ct. App. 1999), and *Lilly v. Virginia*, 527 U.S. 116, 124-25 (1999), the California Court of Appeal concluded that Taylor's statements satisfied the requirements of the Confrontation Clause based on the following particularized guarantees of trustworthiness:

> Taylor voluntarily made his statements to his counsel, believing they would be confidential. He described the crime in detail and explained why he committed it. He had no apparent motive to lie or to try to inculpate defendants. To the contrary, he told Rash emphatically that "he would go to prison before he would ever testify against anyone else who was involved." He accepted primary responsibility for the killing rather than attempting to shift it to one of the defendants.

*People v. James*, No. RIF079628, 2001 WL 1284235, at *10 (Cal. Ct. App. Oct. 23, 2001) (unpublished).