**Marvin Lee GOREE, Petitioner–Appellant,**

v.

**James BARTLETT, Respondent–Appellee.**

**No. 05–36185.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Dec. 27, 2006.

Thomas J. Hester, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Youlee Yim You, AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

Petitioner Marvin Lee Goree appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He argues that the Oregon Court of Appeals unreasonably applied clearly established Supreme Court precedent in determining that certain inculpatory statements made by him were not involuntary. We review de novo the district court's decision to deny Goree's § 2254 petition. *See Jensen v. Pliler,* 439 F.3d 1086, 1088 (9th Cir. 2006). In reviewing the merits of the petition, we apply the deferential standards of review set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(d).

Goree's individual characteristics and his relationship with his questioner are such that Goree may have been more vulnerable than others to the tactics used to elicit his statements. But on this record, the totality of the circumstances does not indicate that Goree's will was overborne. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The Oregon Court of Appeals' identical conclusion did not constitute an "objectively unreasonable" application of clearly established Supreme Court precedent. *See Himes v. Thompson,* 336 F.3d 848, 852–53 (9th Cir.2003).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.