UNITED STATES of America,
Plaintiff—Appellee,

v.

Ricardo BUELNA, Defendant—
Appellant.

No. 03–10205.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2006.

Submission Withdrawn June 30, 2006.

Resubmitted Sept. 19, 2007.*

Filed Oct. 25, 2007.

David A. Pimsner, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gail Gianasi Natale, Esq., Law Office of Gail Gianasi Natale, Phoenix, AZ, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM AND ORDER **

Ricardo Buelna appeals his conviction on one count of conspiracy to possess with intent to distribute cocaine and one count of attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We review for plain error whether Buelna's Sixth Amendment right to confront the witnesses against him was violated when Ted Verdugo testified that Scott Blaney told him Buelna had ten kilograms of cocaine. *See United States v. Allen,* 425 F.3d 1231, 1235 (9th Cir.2005). In *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that admitting an out-of-court statement of an unavailable declarant violates the Confrontation Clause if the statement is "testimonial." Blaney's statement was not *ex parte* testimony such as an affidavit or other pretrial statement reasonably expected to be used judicially. Nor was it formalized testimonial material such as a deposition or confession, or made under circumstances such that an objective witness would believe the statement would be available later for use at trial. *See id.* at 51–52, 124 S.Ct. 1354. Blaney would not have expected his statement to be used prosecutorily, reasonably believe it would be used at trial, or otherwise expect that it would be used as testimony. *See Jensen v. Pliler,* 439 F.3d 1086, 1090 (9th Cir.2006).

Because the statement was not testimonial, there was no error.

■ We review de novo whether the evidence was sufficient to convict Buelna, affirming "if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime proved beyond a reasonable doubt." *United States v. Bailon–Santana,* 429 F.3d 1258, 1262 (9th Cir. 2005) (quotations omitted). There was ample evidence to convict Buelna of conspiracy. In addition to Verdugo's testimony, the government presented evidence that Buelna met an undercover DEA agent at a coffee shop to discuss the deal; that a surveillance agent saw Buelna leave a residence with a bag and place the bag in an undercover vehicle, and the bag contained cocaine; and that Buelna participated on the telephone in orchestrating the delivery in Tennessee to his codefendants. Viewing this evidence in the light most favorable to the government, a reasonable factfinder could conclude that Buelna reached an agreement to accomplish an illegal objective, performed one or more acts in furtherance of the illegal purpose, and had the requisite intent to commit the underlying substantive offense. *See id.*

■ The evidence also was sufficient to convict Buelna of attempted possession with intent to distribute cocaine. Buelna was charged as aiding and abetting, which can support a conviction of possession with intent to distribute when the defendant "associate[s] himself with the venture, ... participate[s] in it as something that he wishes to bring about, ... [and] seek[s] by his action to make it succeed." *United States v. Klimavicius–Viloria,* 144 F.3d 1249, 1263 (9th Cir.1998) (quotation omit-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ted). The testimony regarding meetings, transportation of the cocaine, and orchestration of the delivery over the telephone was sufficient evidence for a jury to convict Buelna of intentional assistance and knowing participation. *See id.*

Buelna has filed a motion to strike his appointed counsel's brief based on a conflict of interest and to appoint substitute counsel. The motion is denied.

AFFIRMED AND DENIED.