MEMORANDUM **
Appellant Patrick Allen Trent (“Trent”) appeals the district court’s denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his jury conviction for murder in the first degree and engaging in street terrorism. On appeal, Trent contends that he received ineffective assistance of counsel based on his attorney’s alleged actual conflict of interest and that the jury instructions defining the principle of aiding and abetting violated his right to due process by lowering the prosecution’s burden of proof for the essential element of premeditation and deliberation for first degree murder.
Because the parties are familiar with the facts, we do not recite them in detail. We review de novo the district court’s decision to grant or deny a 28 U.S.C. § 2254 habeas corpus petition. Jensen v. Pliler, 439 F.3d 1086, 1088 (9th Cir.2006). Trent’s petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”). Under AEDPA, a state prisoner is entitled to relief if the state court adjudication of a claim resulted in a decision that “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
We reject Trent’s contention that he was denied his constitutional right to effective assistance of counsel because his trial attorney had “an actual conflict of interest [that] adversely affected [her] performance.” Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). We have recognized that an actual conflict may arise from successive representation, “particularly when a substantial relationship exists between the cases, such that the ‘factual contexts of the two representations are similar or related.’ ” Houston v. Schomig, 533 F.3d 1076, 1081 (9th Cir.2008) (citations omitted). Here, however, the California Court of Appeal’s conclusion that there was no conflict is not contrary to or an unreasonable application of clearly established Supreme Court authority. While it is true that a prosecution witness in Trent’s trial had previously been represented by another attorney in the same publie defender’s office as Trent’s trial counsel, the cases were factually unrelated and Trent’s counsel stated to the trial court that she had no confidential information concerning the earlier case involving the prosecution witness. Further, she informed the trial court that the attorney who represented the prosecution witness in the past refused to speak to her about that case. Finally, the public defender’s office no longer represented the prosecution witness, and the state charges against him had been dismissed at the time of Trent’s trial.
*203 In Houston v. Schomig, this court recently remanded for an evidentiary hearing on a conflict of interest claim arising from the petitioner’s representation by another member of the same public defender’s office that previously had represented a victim and key prosecution witness. See id. at 1081-82. However, there, the factual contexts of the two representations were related, and the public defender representing petitioner stated his belief to the trial court that the witness had been wrongfully convicted in a case related to the feud at issue in petitioner’s case. See id. Here, Trent’s attorney’s situation at trial is readily distinguishable, because the two cases at issue were not related and, more importantly, his attorney had no confidential information from the prior case. Moreover, the witness here pled guilty to an unrelated crime: He was not “wrongfully convicted” for a related crime as was alleged in the Houston case. No Supreme Court authority supports a finding of an actual conflict in such a situation.
Having concluded that the record reveals no actual conflict of interest, we need not consider whether Trent’s trial counsel’s performance was adversely affected by the alleged conflict when she made the decision not to cross-examine the prosecution witness or whether that was a strategic decision. Therefore, Trent’s conflict-based ineffective assistance of counsel argument fails. See Sullivan, 446 U.S. at 350, 100 S.Ct. 1708 (“[UJntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.”).[1]
Trent’s contention regarding the aiding and abetting jury instruction at his trial is also without merit. The instructions, when evaluated as a whole, clearly require the jury to find all necessary elements of first degree murder including premeditation, even if the jury relied solely on an aiding and abetting theory and the natural and probable consequence instructions to convict (as it did here). See Spivey v. Rocha, 194 F.3d 971, 976 (9th Cir.1999) (A jury instruction ‘“must be viewed in the context of the entire trial and the jury instructions taken as a whole.’ ”) (citation omitted). In the aiding and abetting instruction, the jury was instructed that “the crime of murder” must be the “natural and probable consequence of the commission of the crime of assault or battery.” The instruction further stated that “[y]ou are not required to unanimously agree as to which originally contemplated crime the defendant aided and abetted, so long as you are satisfied beyond a reasonable doubt and unanimously [agree] that the defendant aided and abetted the commission of an identified and defined target crime and that the crime of murder (charged crime) was a natural and probable consequences of the commission of that target crime.”
Trent contends these instructions “obliterated the distinction between first and second degree murder under the natural and probable consequence doctrine.” However, this argument ignores the fact that the jury was instructed only as to first degree murder, because defense counsel withdrew her request for a second degree murder instruction for strategic reasons. Therefore, when the aiding and abetting instructions referred to “murder” and the “charged crime” of murder, the jurors could refer to the instructions defining *204 first degree deliberate and premeditated murder if they needed clarification as to the elements of murder. Trent therefore has failed to show that any alleged deficiency in the jury instruction by itself “so infected the entire trial that the resulting conviction violates due process.” Estelle v. McGuire, 502 U.S. 62, 71-72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)).
Accordingly, we affirm the district court’s order denying Trent’s petition for a writ of habeas corpus because the California Court of Appeal’s decision affirming Trent’s conviction did not result in an adjudication contrary to “clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Trent has not raised an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We, therefore, do not decide whether Trent’s counsel's refusal to cross examine the witness because she believed she had a conflict of interest was ineffective representation, or, if so, whether the Strickland prejudice standard was met.