MEMORANDUM **
Appellant Demetrius Conwell appeals the district court’s denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in California state court for involuntary manslaughter (Cal.Penal Code § 192(b)). Conwell contends that his conviction must be overturned because, inter alia, he received ineffective assistance of counsel at trial. We have jurisdiction pursuant to 28 U.S.C. § 2253 and reverse the decision of the district court.
We review de novo the district court’s decision to deny a 28 U.S.C. § 2254 habeas corpus petition. Jensen v. Pliler, 439 F.3d 1086, 1088 (9th Cir.2006). A state prisoner is entitled to relief if the state court adjudication of a claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
Conwell contends that he received inadequate assistance of counsel at trial because his attorney neither called a forensic pathologist to testify at trial, nor consulted with a pathologist to determine whether such testimony would be helpful to Con-well’s defense. We agree. Under Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order *60 to provide .effective assistance to a client, an attorney is required “to make reasonable investigations or to make a reasonable decision that makes- particular investigations unnecessary.” See also Riley v. Payne, 352 F.3d 1313, 1318-19 (9th Cir.2003). In this case, cause of death was a central issue at trial, and testimony from the prosecution’s forensic pathologist was critical in establishing that Conwell’s actions led to the victim’s death. Conwell’s attorney failed to consult with a pathologist to determine how best to rebut the prosecution’s expert evidence. The decision to rely solely on cross-examination of the prosecution’s expert forensic pathologist was not a reasonable strategic choice because it was not based on a thorough investigation of the available options. See Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052.
The failure to consult with a forensic pathologist was not harmless. In a declaration accompanying Conwell’s habeas petition, a pathologist who reviewed the evidence surrounding the victim’s death cast serious doubt on the prosecution’s theory as to cause of death. The lengthy jury deliberations indicated that this was a close case, and questions from jurors to the trial judge suggested that they were struggling with the issue of cause of death. If Conwell’s attorney had consulted with a forensic pathologist, he might have been able to convince the jury that there was a reasonable doubt as to whether Conwell, rather than his co-defendant or the victim’s own drug use, had caused the death of the victim. Because “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different,” Strickland, 466 U.S. at.694, 104 S.Ct. 2052, the error was prejudicial and habeas relief is appropriate.[1]
The state courts unreasonably applied clearly established Supreme Court law guaranteeing Conwell the right to effective assistance of counsel under the Sixth Amendment. We therefore reverse the decision of the district court. We direct that a conditional writ of habeas corpus issue, requiring the State of California to release Conwell from custody, unless it grants him a new trial to commence within a reasonable period of time to be determined by the distinct court.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we grant the petition on ineffective assistance of counsel grounds, we do reach the other grounds alleged in the petition.