NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HENRY C. LINEBAUGH,

Petitioner - Appellant,

v.

BRIAN BELLEQUE,

Respondent - Appellee.

No. 09-35150

D.C. No. 1:06-CV-01181-PA

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, United States District Judge, Presiding

Argued and Submitted June 10, 2010
Portland, Oregon

Before: THOMPSON and McKEOWN, Circuit Judges, and TIMLIN, Senior
District Judge.**

    Henry C. Linebaugh, a former Oregon state prisoner currently serving a term

of post-prison supervision, appeals the district court's denial of his 28 U.S.C. §

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

2254 habeas corpus petition challenging his convictions for three counts of sexual abuse of two sisters, ages nine and seven. Linebaugh asserts that he was deprived of his rights to due process and a fair trial under the Fourteenth Amendment to the United States Constitution when the prosecution suggested during closing argument that there were likely other instances of sexual abuse of the two sisters by Linebaugh than those testified to at trial,[1] and instead of granting defense counsel's request for a mistrial, the trial court merely sustained an objection to the argument and gave a short curative instruction to the jury advising it, "There is no evidence of any other abuse. As I indicated, you have to confine yourself to what you heard."

Linebaugh also contends that he was deprived of effective assistance of counsel under the Sixth Amendment to the United States Constitution in two respects. First, he claims that his trial counsel was constitutionally ineffective in failing to object to a number of comments made by the prosecution in the opening summation portion of its closing argument regarding the credibility and

---

[1]Hereinafter referred to as the "more abuse" statement.

2

inflammatory nature of the testimony of the victims' brother.[2]  Second, Linebaugh

argues that his counsel was ineffective because he failed to adequately investigate

whether the victims' mother caused her two daughters to fabricate the sexual abuse

allegations against Linebaugh as part of a conspiracy to obtain his land for the

benefit of her friends.

Because the parties are familiar with the facts, we do not recite them in

detail.  We review de novo the district court's decision to grant or deny a 28 U.S.C.

§ 2254 habeas corpus petition.  Jensen v. Pliler, 439 F.3d 1086, 1088 (9th Cir.

2006).  Linebaugh's petition is governed by the Anti-Terrorism and Effective

Death Penalty Act of 1996 ("AEDPA").  Under the AEDPA, a state prisoner is

entitled to relief if the state court adjudication of a claim resulted in a decision that

"was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States," or "was

based on an unreasonable determination of the facts in light of the evidence

---

[2]During oral argument, Petitioner conceded that he no longer contends that
his trial counsel's failure to object to the prosecution's comment in opening
summation that "[s]ometimes we talk more than we should" constitutes a factual
basis for his ineffective assistance of counsel claim.  Regarding any and all
statements made by the prosecution in its closing argument about the victim's
brother, his testimony, and his credibility, we conclude that Petitioner has fully
exhausted his claim that his trial counsel was ineffective for failing to object to
those comments and reject the State's argument that those factual bases have been
procedurally defaulted.

3

presented in the State court proceedings." 28 U.S.C. § 2254(d)(1) & (2). We have jurisdiction under 28 U.S.C. § 1291 and § 2253 and affirm.

In evaluating Linebaugh's due process claim premised on the prosecution's "more abuse" statement made during opening summation, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). The district court correctly found that the state court's denial of Linebaugh's due process claim is entitled to deference. Linebaugh's trial counsel immediately moved for a mistrial upon the prosecution making the "more abuse" statement, and the prosecution conceded that there was no admitted evidence of any other abuse. While refraining from granting a mistrial, the trial court promptly sustained an objection to the comment and gave to the jury the curative instruction recited above. Moreover, the prosecution did not repeat the comment in final summation, defense counsel presented a strong closing argument, and the jury was instructed that closing arguments are not evidence. Evaluating the "more abuse" statement in the context of the entire proceedings - including the other allegedly objectionable statements the prosecution made in opening summation with respect to the credibility and testimony of the victims' brother - it does not establish

4

sufficient prejudice warranting habeas relief.  Sechrest v. Ingacio, 549 F.3d 789, 812 (9th Cir. 2008).

In addition, the state post-conviction relief court's denial of Linebaugh's petition for post-conviction relief was not "contrary to, or an unreasonable application of" the standard for ineffective assistance of counsel claims established in Strickland v. Washington, 466 U.S. 668 (1984).  28 U.S.C. § 2254(d)(1).  Nor was it based on an unreasonable determination of the facts.   28 U.S.C. § 2254(d)(2).

First, Linebaugh's claim that his trial counsel was ineffective for failing to object to certain comments that the prosecution made in closing argument regarding the credibility and testimony of the victims' brother is without merit. "Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." U.S. v. Necoechea, 986 F.2d 1273, 1281 (9th Cir. 1993) (citing Strickland, 466 U.S. at 689).  The state post-conviction relief court did not engage in an unreasonable application of Strickland or an unreasonable determination of the facts in finding that the statements at issue were not so inflammatory that an objection was required or in ruling that Linebaugh was not

5

prejudiced by his trial counsel's failure to object to the statements, in light of his counsel's strong closing argument and the trial court's instruction to the jury that closing arguments are not evidence.

Linebaugh's second ineffective assistance claim based on his trial counsel's failure to adequately investigate Linebaugh's assertion that the victims' mother conspired with Linebaugh's neighbors and caused her daughters to fabricate the sexual abuse allegations in order to deprive Linebaugh of his property lacks merit. The state post-conviction relief court did not engage in an unreasonable application of Strickland or an unreasonable determination of the facts in finding that Linebaugh's trial counsel engaged in a sufficient investigation by interviewing the husband of the victims' mother - the victims' step-father - to determine if he knew of any conspiracy between his wife and other persons regarding a land dispute involving Linebaugh's ownership of certain land. When the victims' step-father indicated that he knew of no such land dispute, Linebaugh's counsel instead made a strategic decision to focus on Linebaugh's lack of sexual intent as a defense. Trial counsel acknowledged that the victims' mother and Linebaugh were admittedly friends, thereby making it difficult to convince the jury that she would use her children to fabricate harmful allegations against him. In addition, Linebaugh's post-conviction relief counsel, upon his independent investigation,

6

also could not find a link between the victims' mother and Linebaugh's neighbors, undermining any claim that Linebaugh was prejudiced by the allegedly inadequate investigation conducted by his trial counsel.

To the extent Linebaugh requests that this court remand this case to the district court for an evidentiary hearing to further pursue his land conspiracy allegations for purposes of his ineffective assistance of counsel claim, we will not do so. The district court acted well within its discretion in denying such a request, and we find no reason to upset that ruling. Schriro v. Landrigan, 550 U.S. 465, 474-75 (2007).

**AFFIRMED.**