**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG WILLIAMS, | No. 09-55192 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-05150-PA-SH |
| v. | |
| DERRAL G. ADAMS, Warden; ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted August 2, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District Judge.[**]

Craig Williams petitions for a writ of habeas corpus, contending that he was

denied due process and a fair trial by admission of (1) gang evidence and gang

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for Northern Illinois, Chicago, sitting by designation.

expert testimony; and (2) evidence concerning Williams's knowledge of narcotics sales in his neighborhood. Williams also argues that his right to confrontation was violated by admission of (3) Bruce Battle's out-of-court statements identifying Williams as his shooter.[1]

1.

Admission of the gang evidence was not so "unduly prejudicial that it render[ed] the trial fundamentally unfair." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). The government theorized that Williams, a Baby Gangster ("B.G."), had murdered Bruce, an Original Gangster ("O.G."), as part of an ongoing, violent rivalry between the B.G. and O.G. factions of the Atlantic Drive Crips over control of narcotics sales in Williams's neighborhood. Although inflammatory, evidence of such gang-related retaliation was highly probative of motive and central to the prosecution's theory of the case. *See Windham v. Merkle*, 163 F.3d 1092, 1103-04 (9th Cir. 1998). Admission of this evidence was therefore not *"unduly*

---

[1] Though Williams has argued the case on appeal under the AEDPA standard, the Panel does not apply AEDPA deference in reviewing his due process claims, because there was "not a scintilla of evidence" that the state appellate court adjudicated these constitutional claims. *Williams v. Cavazos*, No. 07-56127, 2011 WL 1945744, at *8 n. 10. In contrast, because the state appellate court addressed Williams's Confrontation Clause claim, the Panel applies AEDPA deference to its review of that claim.

prejudicial." *Payne*, 501 U.S. at 825 (emphasis added); *see United States v. LeMay*, 260 F.3d 1018, 1026-27 (9th Cir. 2001).

In contrast, Detective Timothy Brennan's highly inflammatory testimony on why a hypothetical B.G.—who was factually indistinguishable from Williams—would shoot and kill an O.G. was "completely out of proportion to its probative value," *LeMay*, 260 F.3d at 1030. The inference that Williams would kill Bruce in order to "frighten[] the community at large," so that he could commit additional crimes without the impediment of individuals serving as witnesses against him, was at best highly speculative and bore only an attenuated connection to the prosecution's theory of the murder.

Nevertheless, admission of Brennan's unduly prejudicial testimony cannot justify habeas relief, because it did not have a "substantial and injurious" effect on the jury's determination of guilt. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Not only did Bruce name "Craig" as his shooter, but Bruce's wife Monique also provided corroborating eyewitness testimony, and identified Williams from a six-photograph lineup shortly after the murder. In addition, the government provided extensive evidence that Williams had retaliatory, gang-related motivations for killing Bruce.

2.

3

Admission of the narcotics evidence was not so unduly prejudicial as to render Williams's trial unfair. The prosecutor merely *asked* if Williams knew whether the Atlantic Drive Crips controlled narcotics sales in his` neighborhood, knowledge that Williams denied. It is moreover unlikely that the prosecutor's questioning provoked undue emotional bias against Williams, because evidence of Williams's previous *conviction* for narcotics sales was otherwise properly before the jury. This court has "held that admission of far more inflammatory evidence did not violate due process." *Hovey v. Ayers*, 458 F.3d 892, 923 (9th Cir. 2006); *see, e.g.*, *Windham*, 163 F.3d at 1103-04.

3.

We deny Williams's motion to expand the Certificate of Appealability as to his Confrontation Clause claim. No reasonable jurist could debate whether the state appellate court unreasonably applied clearly established Supreme Court law in concluding that admission of Bruce's dying declaration to Monique, identifying Williams as his shooter, comported with the Sixth Amendment. *See Towery v. Schriro*, 641 F.3d 300, 311 (9th Cir. 2010).

Under *Crawford v. Washington*, 541 U.S. 36 (2004), the admission of Bruce's statement to Monique could not have violated Confrontation Clause unless that statement was "testimonial." *See id*. at 68; *Whorton v. Bockting*, 549 U.S. 406,

4

413-14 (2007). Bruce made this excited utterance while in a critical condition, slumped over Monique's arm, and in his car in the middle of the street—soon after the shooting and right before Monique exited the car to flag people down for help. **ER 96-97.** With no indication that Bruce intended his statement to be used prosecutorially, the state appellate court reasonably concluded, based on the informality of the situation and the presence of only family members, that Bruce's statement was non-testimonial. *See Crawford*, 541 U.S. at 51; *Jensen v. Piller*, 439 F.3d 1086, 1090 (2006); *United States v. Cervantes-Flores*, 421 F.3d 825, 831 (9th Cir. 2005).

The district court's judgment is **AFFIRMED**.