FILED

JAN 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK ANDREW PIERCE, | No. 10-15214 |
| Petitioner-Appellant, | D.C. No. 2:06-cv-01622-NRS |
| v. | |
| DERRAL G. ADAMS, Warden | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
N. Randy Smith, Circuit Judge, Presiding

Argued and Submitted January 16, 2013
San Francisco, California

Before: FARRIS and BYBEE, Circuit Judges, and ADELMAN, District Judge.[**]

A California jury convicted Patrick Andrew Pierce ("Pierce") of sexually

abusing his step-daughter, Susan L. ("Susan"). Pierce had previously been charged

in North Carolina with assaulting Susan, and that trial ended in a split verdict.

During the California trial, after defense counsel suggested that Susan might alter

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Lynn S. Adelman, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

her testimony in order to avoid the partial acquittal that occurred in North Carolina, the judge permitted Susan to testify, over Pierce's objection, that after the previous trial the North Carolina jurors told her that they believed her but had to acquit on some counts due to confusion in the testimony. The California Court of Appeal rejected Pierce's challenges to the admission of this evidence and affirmed his convictions. The California Supreme Court denied review.

Pierce then sought habeas relief, arguing that the introduction of this testimony violated his Sixth Amendment right to confrontation and his Fourteenth Amendment right to due process of law. He also argued that his trial counsel provided ineffective assistance by failing to object to the introduction of the testimony under a California rule barring evidence of jurors' mental impressions, and that his appellate counsel provided ineffective assistance by failing to raise this trial-level ineffective assistance claim. The district court rejected these arguments. We affirm.

## I.

Our review of the district court's denial of Pierce's habeas corpus petition is de novo. *E.g.*, *Carrera v. Ayers*, 699 F.3d 1104, 1106 (9th Cir. 2012) (en banc). In order to obtain relief, Pierce must show that the state judiciary's adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable

2

application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *Cudjo v. Ayers*, 698 F.3d 752, 761 (9th Cir. 2012).

## II.

Pierce first argues that Susan's testimony regarding the North Carolina jurors' statements constituted inadmissable hearsay under *Crawford v. Washington*, 541 U.S. 36 (2004), violating his Confrontation Clause rights. Pierce fails to show that the statements at issue qualify as "testimonial" hearsay to which the Confrontation Clause applies. *See Davis v. Washington*, 547 U.S. 813, 821-22 (2006). The statements were not made to a government officer with an eye toward trial, *Jensen v. Pliler*, 439 F.3d 1086, 1089 (9th Cir. 2006), or for the purpose of establishing or proving some fact, *Delgadillo v. Woodford*, 527 F.3d 919, 927 (9th Cir. 2008). Even if the statements were testimonial, the trial court admitted them not for their truth, i.e., that the North Carolina jurors actually believed Susan, but for their effect on Susan, i.e., to rebut the defense suggestion that Susan altered her testimony in the California trial in order to avoid the partial acquittal that occurred in North Carolina. *See Crawford*, 541 U.S. at 60 n.9; *Moses v. Payne*, 555 F.3d 742, 755-56 (9th Cir. 2009).

Pierce next argues that Susan's testimony regarding the North Carolina jurors' statements amounted to impermissible "vouching" for her credibility.

3

Pierce cites no Supreme Court decision finding a due process violation based on the improper admission of evidence; absent such authority, under AEDPA, federal courts are without power to grant the writ. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Even if clearly established federal law allowed habeas relief based on vouching, nothing of the sort occurred here. No witness testified that Susan was telling the truth, nor did the prosecutor or trial judge vouch for her credibility. Pierce cites no case finding constitutional error in a witness testifying that someone else told her they believed her.

Finally, Pierce argues that effective trial counsel would have (also) objected to the admission of the North Carolina jurors' statements under California Evidence Code § 1150, and that effective appellate counsel would have argued that trial counsel was ineffective for failing to make this objection. The district court found these claims untimely, as Pierce first raised them after the expiration of the statute of limitations in an amended petition, which did not "relate back" to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 649-50 (2005). We need not decide whether the district court was correct in this ruling, as we agree with its alternate conclusion that the claims fail on the merits. Section 1150 applies to post-verdict challenges, *People v. Allen*, 264 P.3d 336, 344 n.10 (Cal. 2011), and the testimony at issue here was not presented as part of an attack on the validity of the prior North Carolina verdict. Further, the testimony was presented for the

4

effect on Susan, not "the effect of such statement, conduct, condition, or event upon a juror." Cal. Evid. Code § 1150(a). Pierce cites no case holding that § 1150 is implicated when a previous verdict is discussed in a subsequent trial. Because a lawyer is not required to make a futile objection, *see, e.g.*, *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994), Pierce's trial counsel did not perform deficiently in failing to raise § 1150, and thus Pierce's appellate counsel did not perform deficiently in failing to argue that trial counsel was ineffective.

### III.

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**