NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MAX MILLER, | No. 16-36037 |
| Petitioner-Appellant, | D.C. No. 4:13-cv-00013-DWM |
| v. | |
| LEROY KIRKEGARD and ATTORNEY GENERAL FOR THE STATE OF MONTANA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted February 7, 2018[**]
Seattle, Washington

Before: M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,[***] District
Judge.

Petitioner-Appellant Michael Miller appeals the district court's decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

denying his petition for a writ of habeas corpus. Reviewing *de novo*, we affirm. *See Sanders v. Ratelle*, 21 F.3d 1446, 1451 (9th Cir. 1994).

The district court certified one issue for appeal: Whether Miller's trial counsel was ineffective for failing to object to the prosecutor's statements during closing argument. "An ineffective assistance claim has two components." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). First, a "petitioner must show that counsel's performance was deficient." *Id.* Second, the petitioner must show that the "deficiency prejudiced the defense." *Id.*

Miller has failed to demonstrate that his trial counsel's performance was deficient or that his trial counsel's purported deficiency prejudiced Miller. Miller claims that his trial counsel failed to object to two separate statements by the prosecutor during closing argument: the prosecutor's statement that Miller lied, and the prosecutor's statement that the defense counsel's closing argument essentially presented a "recipe" for "how to commit murder and get away with it." Trial counsel's failure to object to these statements does not rise to the level of professional incompetence. *See United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991) (explaining that "[f]rom a strategic perspective, . . . many trial lawyers refrain from objecting during closing argument to all but the most egregious misstatements by opposing counsel on the theory that the jury may construe their objections to be a sign of desperation or hyper-technicality"); *see also Linebaugh*

2

*v. Belleque*, 385 F. App'x 751, 753 (9th Cir. 2010) (defense counsel not ineffective for failing to object to prosecutor's statements in closing argument about credibility and inflammatory nature of victim's brother's testimony). Therefore, Miller has not shown that his counsel's performance was deficient or that his counsel's purported deficiency prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Miller raises two other claims in his petition for which the district court declined to issue certificates of appealability. Until a petitioner secures a certificate of appealability from a circuit justice or judge, the "Court of Appeals may not rule on the merits of [the] case." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). At the certificate of appealability stage, the court of appeals should limit its examination to a "threshold inquiry into the underlying merit[s] of [the] claims," asking "only if the District Court's decision was debatable." *Id.* at 774 (alteration in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

In his first uncertified claim, Miller asserts that his trial counsel was ineffective for failing to call a pharmacology expert to impeach witness testimony. The Ninth Circuit has found counsel to be ineffective when "an attorney neither conducted a reasonable investigation nor demonstrated a strategic reason" for his or her decision. *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). Here, Miller's trial counsel not only conducted a reasonable investigation and consulted

3

with a pharmacology expert, but also articulated a strategic reason for deciding not to call the expert—namely, fear that an expert would draw unnecessary attention to the witness's testimony. Therefore, reasonable jurists would not debate the district court's decision to deny Miller's uncertified ineffective assistance of counsel claim, and the Court declines to issue a certificate of appealability on this claim. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right").

In his second uncertified claim, Miller claims that his direct appeal counsel was ineffective for failing to challenge the sufficiency of the evidence. However, appellate attorneys are not required to raise every "colorable" claim suggested by their clients. *Jones v. Barnes*, 463 U.S. 745, 753 (1983). Indeed, a "hallmark of effective appellate counsel is the ability to weed out claims that have no likelihood of success, instead of throwing in a kitchen sink full of arguments with the hope that some argument will persuade the court." *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997). Here, circumstantial evidence supported Miller's conviction. *See Bashor v. Risley*, 730 F.2d 1228, 1238–39 (9th Cir. 1984) (upholding a conviction based on entirely circumstantial evidence). Therefore, reasonable jurists would not debate the district court's decision to deny Miller's uncertified

4

ineffective assistance of appellate counsel claim, and the Court declines to issue a certificate of appealability on this claim. *See* 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**